VICK LAW GROUP, APC
  Scott Vick (State Bar No. 171944)
  Jason Riddick (State Bar No. 235980)
800 West Sixth Street, Suite 1220
Los Angeles, California 90017
Telephone: (213) 784-6225
Facsimile: (213) 784-6227
E-Mail:   Scott@vicklawgroup.com
          Jason@vicklawgroup.com

STADHEIM & GREAR LTD.
  Rolf O. Stadheim (*pro hac appl. pending*)
  George C. Summerfield (*pro hac appl. pending*)
  Kyle L. Harvey (*pro hac appl. pending*)
  Robert M. Spalding (*pro hac appl. pending*)
  Christopher H. St. Peter (*pro hac appl. pending*)
400 N. Michigan Avenue, Suite 2200
Chicago, Illinois 60611
Telephone: (312) 755-4400
Facsimile: (312) 755-4408
E-Mail:   stadheim@stadheimgrear.com
          summerfield@stadheimgrear.com
          harvey@stadheimgrear.com
          spalding@stadheimgrear.com
          stpeter@stadheimgrear.com

*Attorneys for Plaintiff*
KINGLITE HOLDINGS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KINGLITE HOLDINGS INC., a Seychelles Company, <br><br> Plaintiff, <br><br> v. <br><br> MICRO-STAR INTERNATIONAL CO., LTD., a Taiwan Corporation, and MSI COMPUTER CORP., a California Corporation. <br><br> Defendants. | Case No. CV _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Kinglite Holdings Inc. ("Kinglite") alleges by way of complaint against Defendants, Micro-Star International Co., Ltd. and MSI Computer Corp. ("Defendants") as follows:

## FACTUAL BACKGROUND

**Plaintiff**

1. Kinglite is a company incorporated under the laws of the Republic of the Seychelles with its principal place of business at 7 Temasek Boulevard, #15-01A Suntec Tower One, Singapore 038987.

2. Kinglite is the owner of the following United States patents that are being asserted in this action ("Asserted Patents"):

| U.S. Patent No. | Title | Application Date | Issue Date | Exhibit No. |
|---|---|---|---|---|
| 6,791,572 ("'572") | Generating Media Output During Bios Boot-Up | Dec. 10, 1999 | Sep. 14, 2004 | A |
| 6,892,304 ("'304") | System And Method For Securely Utilizing Basic Input And Output System (Bios) Services | Oct. 3, 2000 | May 10, 2005 | B |
| 5,732,268 ("'268") | Extended Bios Adapted To Establish Remote Communication For Diagnostics And Repair | Feb. 26, 1996 | Mar. 24, 1998 | C |
| 6,487,656 ("'656") | System And Method For Providing Functionalities To System Bios | Dec. 10, 1999 | Nov. 26, 2002 | D |
| 6,373,498 ("'498") | Displaying Images During Boot-Up And Shut Down | Jun. 18, 1999 | Apr. 16, 2002 | E |
| 6,523,123 ("'123") | Method And Apparatus For Providing Intelligent Power Management | Jul. 27, 2001 | Feb. 18, 2003 | F |
| 6,401,202 ("'202") | Multitasking During Bios Boot-Up | Jun. 18, 1999 | June 4, 2002 | G |
| 6,519,659 ("'659") | Method And System For Transferring An Application Program From System Firmware To A Storage Device | Jun. 18, 1999 | Feb. 11, 2003 | H |
| 5,836,013 ("'013") | Method And Apparatus For Compressing System Read Only Memory In A Computing System | Aug. 11, 1994 | Nov. 10, 1998 | I |
| 8,095,783 ("'783") | Media Boot Loader | May 11, 2004 | Jan. 10, 2012 | J |
| 5,987,604 ("'604") | Method And Apparatus For Providing Execution Of System Management Mode Services In Virtual Mode | Oct. 7, 1997 | Nov. 16, 1999 | K |

| 6,263,412 ("'412") | Method And Apparatus For RAM Emulation Using A Processor Register Set | Jun. 24, 1998 | Jul. 17, 2001 | L |
| 6,633,976 ("'976") | Method Of Storing BIOS Modules And Transferring Them to Memory For Execution | Aug. 10, 2000 | Oct. 14, 2003 | M |

**Defendants**

3.  Micro-Star International Co., Ltd. ("MSI Taiwan") is a Taiwanese corporation with its principal place of business at No. 69, Lide Street, Zhonghe District, New Taipei City 235, Taiwan. It is one of the world's largest motherboard and graphics card manufacturers. MSI Taiwan also manufactures laptops, all-in-one computers, servers, industrial computers, and multimedia devices.

4.  MSI Computer Corp. ("MSI USA") is a California corporation with its principal place of business at 901 Canada Court, City of Industry, California 91748. On information and belief, it is a subsidiary of MSI Taiwan and provides technical, sales, customer service, and marketing support to MSI Taiwan and its customers in the United States.

5.  According to its website, www.msi.com, MSI Taiwan is doing business in the United State through MSI USA.

6.  Defendants import, offer for sale, and/or sell motherboards, graphics cards, laptops, all-in-one computers, servers, industrial computers, and multimedia devices that practice the inventions of the patents in-suit ("Accused Products").

**Unified Extensible Firmware Interface**

7.  The Unified Extensible Firmware Interface ("UEFI") is a specification that defines a software interface between an operating system and platform firmware, also referred to in the industry as a Basic Input/Output System ("BIOS").

8.  UEFI, which has been updated over the years in a series of releases, was developed under the aegis of the UEFI Forum, an alliance between several leading technology companies to modernize the booting process. The board of

directors includes representatives from eleven "Promoter" companies: AMD, American Megatrends, Apple, Dell, HP, IBM, Insyde Software, Intel, Lenovo, Microsoft, and Phoenix Technologies.

9. The inventions of the following patents ("Phoenix UEFI patents") are contained in each version of UEFI: '304, '202, '659, '013, '783, '604, '412, and '976.

10. The Accused Products incorporate a BIOS that complies with a version of UEFI and thus practices the inventions of the Phoenix UEFI patents.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b).

13. At all relevant times, Defendants have conducted business through MSI USA and sold the Accused Products in this Judicial District through its network of distributors, a number of which are based or have retail outlets in this Judicial District.

**COUNT I – INFRINGEMENT OF THE '572 PATENT**

14. Kinglite incorporates by reference the allegations contained in paragraphs 1-13, above.

15. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '572 Patent pursuant to 35 U.S.C. § 271.

16. Kinglite has been injured by such infringement.

**COUNT II – INFRINGEMENT OF THE '304 PATENT**

17. Kinglite incorporates by reference the allegations contained in paragraphs 1-16, above.

18. Defendants' importation, sale and/or offer to sell the Accused

Products constitute direct infringement of the claims of the '304 Patent pursuant to 35 U.S.C. § 271.

19. Kinglite has been injured by such infringement.

**COUNT III – INFRINGEMENT OF THE '268 PATENT**

20. Kinglite incorporates by reference the allegations contained in paragraphs 1-19, above.

21. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '268 Patent pursuant to 35 U.S.C. § 271.

22. Kinglite has been injured by such infringement.

**COUNT IV – INFRINGEMENT OF THE '656 PATENT**

23. Kinglite incorporates by reference the allegations contained in paragraphs 1-22, above.

24. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '656 Patent pursuant to 35 U.S.C. § 271.

25. Kinglite has been injured by such infringement.

**COUNT V – INFRINGEMENT OF THE '498 PATENT**

26. Kinglite incorporates by reference the allegations contained in paragraphs 1-25, above.

27. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '498 Patent pursuant to 35 U.S.C. § 271.

28. Kinglite has been injured by such infringement.

**COUNT VI – INFRINGEMENT OF THE '123 PATENT**

29. Kinglite incorporates by reference the allegations contained in paragraphs 1-28, above.

30. Defendants' importation, sale and/or offer to sell the Accused

1  Products constitute direct infringement of the claims of the '123 Patent pursuant to
2  35 U.S.C. § 271.

3        31.    Kinglite has been injured by such infringement.

### COUNT VII – INFRINGEMENT OF THE '202 PATENT

32. Kinglite incorporates by reference the allegations contained in paragraphs 1-31, above.

33. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '202 Patent pursuant to 35 U.S.C. § 271.

34. Kinglite has been injured by such infringement.

### COUNT VIII – INFRINGEMENT OF THE '659 PATENT

35. Kinglite incorporates by reference the allegations contained in paragraphs 1-34, above.

36. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '659 Patent pursuant to 35 U.S.C. § 271.

37. Kinglite has been injured by such infringement.

### COUNT IX – INFRINGEMENT OF THE '013 PATENT

38. Kinglite incorporates by reference the allegations contained in paragraphs 1-37, above.

39. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '013 Patent pursuant to 35 U.S.C. § 271.

40. Kinglite has been injured by such infringement.

### COUNT X – INFRINGEMENT OF THE '783 PATENT

41. Kinglite incorporates by reference the allegations contained in paragraphs 1-40, above.

42. Defendants' importation, sale and/or offer to sell the Accused

Products constitute direct infringement of the claims of the '783 Patent pursuant to 35 U.S.C. § 271.

43. Kinglite has been injured by such infringement.

## COUNT XI – INFRINGEMENT OF THE '604 PATENT

44. Kinglite incorporates by reference the allegations contained in paragraphs 1-43, above.

45. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '604 Patent pursuant to 35 U.S.C. § 271.

46. Kinglite has been injured by such infringement.

## COUNT XII – INFRINGEMENT OF THE '412 PATENT

47. Kinglite incorporates by reference the allegations contained in paragraphs 1-46, above.

48. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '412 Patent pursuant to 35 U.S.C. § 271.

49. Kinglite has been injured by such infringement.

## COUNT XIII – INFRINGEMENT OF THE '976 PATENT

50. Kinglite incorporates by reference the allegations contained in paragraphs 1-49, above.

51. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '976 Patent pursuant to 35 U.S.C. § 271.

52. Kinglite has been injured by such infringement.

# PRAYERS FOR RELIEF

WHEREFORE, Kinglite respectfully requests that this Court:

a) Find that Defendants infringe the Kinglite patents;

b) Order Defendants to pay Kinglite damages equal to no less than a reasonable royalty to compensate for the infringement of the Kinglite patents pursuant to 35 U.S.C. § 284;

c) Order Defendants to pay Kinglite prejudgment interest;

d) Enjoin Defendants from further infringement of the Kinglite patents; and

e) Award such other relief the Court finds just and equitable.

DATED: April 18, 2014         VICK LAW GROUP, APC

By:  /s/ Scott Vick

VICK LAW GROUP, APC
  Scott Vick
  Jason Riddick

STADHEIM & GREAR LTD.
  Rolf O. Stadheim (*pro hac appl. pending*)
  George C. Summerfield
    (*pro hac appl. pending*)
  Kyle L. Harvey (*pro hac appl. pending*)
  Robert M. Spalding (*pro hac appl. pending*)
  Christopher H. St. Peter
    (*pro hac appl. pending*)

*Attorneys for Plaintiff*
*KINGLITE HOLDINGS INC.*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable pursuant to Fed. R. Civ. Proc. § 38(b).

DATED: April 18, 2014         VICK LAW GROUP, APC

By:    /s/  Scott Vick

VICK LAW GROUP, APC
  Scott Vick
  Jason Riddick

STADHEIM & GREAR LTD.
  Rolf O. Stadheim (*pro hac appl. pending*)
  George C. Summerfield
    (*pro hac appl. pending*)
  Kyle L. Harvey (*pro hac appl. pending*)
  Robert M. Spalding (*pro hac appl. pending*)
  Christopher H. St. Peter
    (*pro hac appl. pending*)

*Attorneys for Plaintiff*
*KINGLITE HOLDINGS INC.*