Bijal V. Vakil (SBN 192878)
Email: bvakil@whitecase.com
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone:  (213) 620-7700
Facsimile:   (213) 452-2329

Steven G. Hill (*pro hac vice*)
sgh@hkw-law.com
John L. North (*pro hac vice*)
jln@hkw-law.com
Martha L. Decker (*pro hac vice*)
md@hkw-law.com
HILL, KERTSCHER & WHARTON LLP
3350 Riverwood Pkwy, Suite 800
Atlanta, GA  30339
Telephone:  (770) 953-0995
Facsimile:   (770) 953-1358

*Attorneys for Defendants and Counterclaim*
*Plaintiffs Micro-Star International Co., Ltd.*
*and MSI Computer Corp.*

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| KINGLITE HOLDINGS INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRO-STAR INTERNATIONAL CO., LTD, and MSI COMPUTER CORP., <br><br> Defendants. | **CV 14-03009 JVS (PJWx)** <br> Consolidated with <br> CV 14-04989 JVS (PJWx) <br><br> **DEFENDANTS MICRO-STAR INTERNATIONAL CO. LTD. AND MSI COMPUTER CORP.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** <br><br> This Document Relates to <br> *CV 14-03009 JVS (PJWx)* |

COME NOW, Defendants Micro-Star International Co., Ltd. ("Micro-Star") and MSI Computer Corp. (collectively, "MSI"), by and through undersigned counsel, and state the following as their Answer, Affirmative Defenses, and Counterclaims to Plaintiff Kinglite Holdings, Inc.'s ("Kinglite") Complaint (the "Complaint").

## FACTUAL BACKGROUND

### Plaintiff

1.      MSI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies the same.

2.      Answering Paragraph 2 of the Complaint, MSI admits that the Asserted Patents are attached to the Complaint as Exhibits A-M.  MSI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

### Defendants

3.      Answering Paragraph 3 of the Complaint, MSI admits that Micro-Star is a Taiwanese corporation with its principal place of business at No. 69, Lide Street, Zhonghe District, New Taipei City 235, Taiwan.  Further answering, MSI admits that Micro-Star manufactures the listed "Micro-Star Products".  Further answering, MSI denies that Micro-Star conducts business in this Judicial District and throughout the United States, but admits that Micro-Star's subsidiaries, including MSI Computer Corp., conduct business in this Judicial District and throughout the United States.

4.      Answering Paragraph 4 of the Complaint, MSI denies that MSI Computer Corp. has committed any act of patent infringement. Further answering, MSI admits the remaining allegations of Paragraph 4 of the Complaint.

5.      Answering Paragraph 5 of the Complaint, MSI denies that it has committed any act of patent infringement. Further answering, MSI admits the remaining allegations of Paragraph 5 of the Complaint.

6.      MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the 13 patents it identifies in the Complaint that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies the allegations of Paragraph 6 of the Complaint as to one or more of the identified patents as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

### Unified Extensible Firmware Interface

7.      MSI admits that The Unified Extensible Firmware Interface ("UEFI") is a specification that defines a software interface between an operating system and platform firmware; also, a specific implementation of the firmware is referred to in the industry as a Basic Input/Output System ("BIOS").  MSI denies any remaining allegations of Paragraph 7 of the Complaint.

8.      MSI admits the allegations of Paragraph 8 of the Complaint.

9.      MSI states that Kinglite has failed to identify which specific claims of the eight patents it identifies in this Paragraph that it intends to pursue, and Kinglite has not identified the specific provisions of the UEFI as to which this Paragraph refers. Based on current investigation and upon information and belief, MSI denies the allegations of Paragraph 9 of the Complaint as to one or more of the identified patents. MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10.      MSI states that Kinglite's definition of Accused Products is vague, Kinglite has not identified the specific provisions of the UEFI to which this Paragraph refers, and Kinglite has failed to identify which specific claims of the eight patents it identifies in this Paragraph that it intends to pursue.  Based on current investigation

and upon information and belief, MSI denies the allegations of Paragraph 10 of the Complaint as to one or more of the identified patents as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

### JURISDICTION AND VENUE

11.    MSI admits the allegations of Paragraph 11 of the Complaint.

12.    MSI admits the allegations of Paragraph 12 of the Complaint.

13.    MSI admits that it has conducted business in this Judicial District, including through distributers some of which have retail outlets.  MSI denies any remaining allegations of Paragraph 13 of the Complaint.

### COUNT I – INFRINGEMENT OF THE '572 PATENT

14.    MSI incorporates by reference its responses to Paragraphs 1-13 of the Complaint above in their entirety as if set forth herein.

15.    MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the 60 claims of the '572 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '572 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

16.    MSI denies the allegations of Paragraph 16 of the Complaint.

### COUNT II – INFRINGEMENT OF THE '304 PATENT

17.    MSI incorporates by reference Paragraphs 1-16 of the Complaint above in their entirety as if set forth herein.

18.    MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the '304 Patent that it

intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '304 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 18 of the Complaint, and therefore denies the same.

19.     MSI denies the allegations of Paragraph 19 of the Complaint.

### COUNT III – INFRINGEMENT OF THE '268 PATENT

20.     MSI incorporates by reference Paragraphs 1-19 of the Complaint above in their entirety as if set forth herein.

21.     MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the '268 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '268 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 21 of the Complaint, and therefore denies the same.

22.     MSI denies the allegations of Paragraph 22 of the Complaint.

### COUNT IV – INFRINGEMENT OF THE '656 PATENT

23.     MSI incorporates by reference Paragraphs 1-22 of the Complaint above in their entirety as if set forth herein.

24.     MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the '656 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '656 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 24 of the Complaint, and therefore denies the same.

25.     MSI denies the allegations of Paragraph 25 of the Complaint.

**COUNT V – INFRINGEMENT OF THE '498 PATENT**

26.     MSI incorporates by reference Paragraphs 1-25 of the Complaint above in their entirety as if set forth herein.

27.     MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the '498 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '498 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 27 of the Complaint, and therefore denies the same.

28.     MSI denies the allegations of Paragraph 28 of the Complaint.

**COUNT VI – INFRINGEMENT OF THE '123 PATENT**

29.     MSI incorporates by reference Paragraphs 1-28 of the Complaint above in their entirety as if set forth herein.

30.     MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the '123 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '123 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 30 of the Complaint, and therefore denies the same.

31.     MSI denies the allegations of Paragraph 31 of the Complaint.

**COUNT VII – INFRINGEMENT OF THE '202 PATENT**

32.     MSI incorporates by reference Paragraphs 1-31 of the Complaint above in their entirety as if set forth herein.

33.     MSI states that Kinglite's definition of Accused Products is vague and,

further, Kinglite has failed to identify which specific claims of the '202 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '202 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 33 of the Complaint, and therefore denies the same.

34.     MSI denies the allegations of Paragraph 34 of the Complaint.

**COUNT VIII – INFRINGEMENT OF THE '659 PATENT**

35.     MSI incorporates by reference Paragraphs 1-34 of the Complaint above in their entirety as if set forth herein.

36.     MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the '659 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '659 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 36 of the Complaint, and therefore denies the same.

37.     MSI denies the allegations of Paragraph 37 of the Complaint.

**COUNT IX – INFRINGEMENT OF THE '013 PATENT**

38.     MSI incorporates by reference Paragraphs 1-37 of the Complaint above in their entirety.

39.     MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the '013 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '013 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 39

of the Complaint, and therefore denies the same.

40.    MSI denies the allegations of Paragraph 40 of the Complaint.

## COUNT X – INFRINGEMENT OF THE '783 PATENT

41.    MSI incorporates by reference Paragraphs 1-40 of the Complaint above in their entirety as if set forth herein.

42.    MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the '783 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '783 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 42 of the Complaint, and therefore denies the same.

43.    MSI denies the allegations of Paragraph 43 of the Complaint.

## COUNT XI – INFRINGEMENT OF THE '604 PATENT

44.    MSI incorporates by reference Paragraphs 1-43 of the Complaint above in their entirety as if set forth herein.

45.    MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the '604 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '604 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 45 of the Complaint, and therefore denies the same.

46.    MSI denies the allegations of Paragraph 46 of the Complaint.

## COUNT XII – INFRINGEMENT OF THE '412 PATENT

47.    MSI incorporates by reference Paragraphs 1-46 of the Complaint above in their entirety as if set forth herein.

48.     MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the '412 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the "412 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 48 of the Complaint, and therefore denies the same.

49.     MSI denies the allegations of Paragraph 49 of the Complaint.

**COUNT XIII – INFRINGEMENT OF THE '976 PATENT**

50.     MSI incorporates by reference Paragraphs 1-49 of the Complaint above in their entirety as if set forth herein.

51.     MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the '976 Patent that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes one or more valid claims of the '976 Patent as to one or more of the alleged Accused Products.  MSI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 51 of the Complaint, and therefore denies the same.

52.     MSI denies the allegations of Paragraph 52 of the Complaint.

53.     MSI denies any and all factual allegations of the Complaint not expressly admitted herein.

**ANSWER TO KINGLITE'S PRAYERS FOR RELIEF**

MSI denies that Kinglite is entitled to any of the relief it requests and requests that the Court enter judgment against Kinglite on each of its claims. To the extent the Prayer for Relief contains any factual allegations, MSI denies each of those allegations.

DEFENDANTS MICRO-STAR INTERNATIONAL CO., LTD. AND
MSI COMPUTER CORP.'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS
Case No. 2:14-cv-03009 JVS (PJWx)

## AFFIRMATIVE DEFENSES

MSI asserts the following defenses. Nothing in these defenses is intended to or shall be construed as an argument or admission that MSI bears the burden of proof as to any matter raised in any of its defenses. MSI reserves the right to assert additional defenses and to amend its Answer to the Complaint as additional information becomes known through the course of discovery.

### First Affirmative Defense (Non-infringement/invalidity)

MSI states that Kinglite's definition of Accused Products is vague and, further, Kinglite has failed to identify which specific claims of the 13 asserted patents that it intends to pursue.  Based on current investigation and upon information and belief, MSI denies that it infringes (literally or under the doctrine of equivalents) one or more valid claims (i.e., claims meeting the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or obviousness type double-patenting) of the 13 asserted patents as to one or more of the alleged Accused Products.

### Second Affirmative Defense (Estoppel, Acquiescence, and Laches)

Kinglite's claims are barred in whole or in part by the equitable doctrines of estoppel, acquiescence, and/or laches, including, but not limited to, Kinglite's violations of its FRAND obligations as derived from Phoenix Technologies Ltd. Further, see MSI's Fourteenth Counterclaim in this regard.

### Third Affirmative Defense (35 U.S.C. §287)

Kinglite's claims for damages predating the filing of this lawsuit are barred by a failure to provide actual or constructive notice as required by 35 U.S.C. § 287.

### Fourth Affirmative Defense (35 U.S.C. §286)

Kinglite's claims for damages are limited by 35 U.S.C. § 286.

### Fifth Affirmative Defense (No Injunctive Relief)

Kinglite is not entitled to injunctive relief because any injury is not immediate and/or irreparable, and because Kinglite has adequate remedies at law.

**Sixth Affirmative Defense (No Costs)**

Kinglite's recovery of costs is barred by 35 U.S.C. § 288.

**Reservation of Additional Affirmative Defenses**

MSI presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses. MSI reserves the right to assert additional affirmative defenses in the event discovery reveals that additional affirmative defenses are available, including, but not limited to, inequitable conduct, patent misuse and unclean hands.

**COUNTERCLAIMS**

Without waiver of any of its rights, MSI, by and through its undersigned counsel, and by way of counterclaims against Kinglite, alleges:

**Parties**

1.      Micro-Star International Co. Ltd. is a Taiwanese corporation with its principal place of business at No. 69, Lide Street, Zhonghe District, New Taipei City 235, Taiwan.

2.      MSI Computer Corp. is a California corporation with its principal place of business at 901 Canada Court, City of Industry, California 91748.  Micro-Star International Co. Ltd. and MSI Computer Corp. are collectively referred to herein as "MSI".

3.      Kinglite purports to be a company incorporated under the laws of the Republic of the Seychelles with its principal place of business at 7 Temasek Boulevard, #15-01A Suntec Tower One, Singapore 038987.

4.      Pursuant to Declaratory Judgment Acts, 28 U.S.C. §§ 2201–2202 (2004), MSI is entitled to a declaratory judgment that it has not infringed any valid and enforceable claim of the Asserted Patents.

**Jurisdiction and Venue**

5.      This counterclaim arises under the United States patent laws, 35 U.S.C.

-11-

§1, et seq., and seeks relief for which this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and/or 2201-2202.

6.      Venue is proper under 28 U.S.C. § 1391, for the reasons set forth in Kinglite's Complaint.

7.      This Court has general and specific personal jurisdiction over Kinglite because, among other reasons, Kinglite filed its Complaint in this Judicial District, subjecting itself to the jurisdiction of this Court.

## First Counterclaim for Declaratory Relief
### (Non-Infringement/Invalidity of the '572 Patent)

8.      MSI incorporates by reference the statements and allegations set forth in Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

9.      MSI notes that the '572 Patent includes 60 Claims.  Kinglite has not specified in its Complaint which claims it intends to pursue.

10.      Based on current investigation and upon information and belief, one or more claims of the '572 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

11.      Based on current investigation and upon information and belief, MSI has not and is not infringing (either directly, contributorily, jointly or inducement) one or more valid claims of the '572 Patent.

12.      Based on current investigation and upon information and belief, MSI is entitled to a declaratory judgment that one or more claims of the '572 Patent is invalid and/or has not been infringed and is not infringed (either directly, contributorily, jointly, or by inducement) either literally or by the application of the doctrine of equivalents.

## Second Counterclaim for Declaratory Relief
### (Non-Infringement/Invalidity of the '304 Patent)

13.      MSI incorporates by reference the statements and allegations set forth in

-12-

Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

14.     MSI notes that the '304 Patent includes 15 Claims.  Kinglite has not specified in its Complaint which claims it intends to pursue.

15.     Based on current investigation and upon information and belief, one or more claims of the '304 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

16.     Based on current investigation and upon information and belief, MSI has not and is not infringing (either directly, contributorily, jointly or inducement) one or more valid claims of the '304 Patent.

17.     Based on current investigation and upon information and belief, MSI is entitled to a declaratory judgment that one or more claims of the '304 Patent is invalid and/or has not been infringed and is not infringed (either directly, contributorily, jointly, or by inducement) either literally or by the application of the doctrine of equivalents.

### Third Counterclaim for Declaratory Relief
### (Non-Infringement/Invalidity of the '268 Patent)

18.     MSI incorporates by reference the statements and allegations set forth in Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

19.     MSI notes that the '268 Patent includes 20 Claims.  Kinglite has not specified in its Complaint which claims it intends to pursue.

20.     Based on current investigation and upon information and belief, one or more claims of the '268 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

21.     Based on current investigation and upon information and belief, MSI has not and is not infringing (either directly, contributorily, jointly or inducement) one or more valid claims of the '268 Patent.

22.     Based on current investigation and upon information and belief, MSI is

entitled to a declaratory judgment that one or more claims of the '268 Patent is invalid and/or has not been infringed and is not infringed (either directly, contributorily, jointly, or by inducement) either literally or by the application of the doctrine of equivalents.

### Fourth Counterclaim for Declaratory Relief
### (Non-Infringement/Invalidity of the '656 Patent)

23.     MSI incorporates by reference the statements and allegations set forth in Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

24.      MSI notes that the '656 Patent includes 27 Claims.  Kinglite has not specified in its Complaint which claims it intends to pursue.

25.     Based on current investigation and upon information and belief, one or more claims of the '656 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

26.     Based on current investigation and upon information and belief, MSI has not and is not infringing (either directly, contributorily, jointly or inducement) one or more valid claims of the '656 Patent.

27.     Based on current investigation and upon information and belief, MSI is entitled to a declaratory judgment that one or more claims of the '656 Patent is invalid and/or has not been infringed and is not infringed (either directly, contributorily, jointly, or by inducement) either literally or by the application of the doctrine of equivalents.

### Fifth Counterclaim for Declaratory Relief
### (Non-Infringement/Invalidity of the '498 Patent)

28.     MSI incorporates by reference the statements and allegations set forth in Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

29.      MSI notes that the '498 Patent includes 45 Claims.  Kinglite has not specified in its Complaint which claims it intends to pursue.

-14-

30.     Based on current investigation and upon information and belief, one or more claims of the '498 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

31.     Based on current investigation and upon information and belief, MSI has not and is not infringing (either directly, contributorily, jointly or inducement) one or more valid claims of the '498 Patent.

32.     Based on current investigation and upon information and belief, MSI is entitled to a declaratory judgment that one or more claims of the '498 Patent is invalid and/or has not been infringed and is not infringed (either directly, contributorily, jointly, or by inducement) either literally or by the application of the doctrine of equivalents.

### Sixth Counterclaim for Declaratory Relief
### (Non-Infringement/Invalidity of the '123 Patent)

33.     MSI incorporates by reference the statements and allegations set forth in Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

34.      MSI notes that the '123 Patent includes 13 Claims.  Kinglite has not specified in its Complaint which claims it intends to pursue.

35.     Based on current investigation and upon information and belief, one or more claims of the '123 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

36.     Based on current investigation and upon information and belief, MSI has not and is not infringing (either directly, contributorily, jointly or inducement) one or more valid claims of the '123 Patent.

37.     Based on current investigation and upon information and belief, MSI is entitled to a declaratory judgment that one or more claims of the '123 Patent is invalid and/or has not been infringed and is not infringed (either directly, contributorily, jointly, or by inducement) either literally or by the application of the doctrine of

1   equivalents.

2                    **Seventh Counterclaim for Declaratory Relief**

3                    **(Non-Infringement/Invalidity of the '202 Patent)**

4          38.    MSI incorporates by reference the statements and allegations set forth in

5   Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

6          39.    MSI notes that the '202 Patent includes 40 Claims.  Kinglite has not

7   specified in its Complaint which claims it intends to pursue.

8          40.    Based on current investigation and upon information and belief, one or

9   more claims of the '202 Patent is invalid for failure to meet the conditions set forth in

10  35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

11         41.    Based on current investigation and upon information and belief, MSI has

12  not and is not infringing (either directly, contributorily, jointly or inducement) one or

13  more valid claims of the '202 Patent.

14         42.    Based on current investigation and upon information and belief, MSI is

15  entitled to a declaratory judgment that one or more claims of the '202 Patent is invalid

16  and/or has not been infringed and is not infringed (either directly, contributorily,

17  jointly, or by inducement) either literally or by the application of the doctrine of

18  equivalents.

19                  **Eighth Counterclaim for Declaratory Relief**

20                  **(Non-Infringement/Invalidity of the '659 Patent)**

21         43.    MSI incorporates by reference the statements and allegations set forth in

22  Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

23         44.    MSI notes that the '659 Patent includes 24 Claims.  Kinglite has not

24  specified in its Complaint which claims it intends to pursue.

25         45.    Based on current investigation and upon information and belief, one or

26  more claims of the '659 Patent is invalid for failure to meet the conditions set forth in

27  35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

28

46.     Based on current investigation and upon information and belief, MSI has not and is not infringing (either directly, contributorily, jointly or inducement) one or more valid claims of the '659 Patent.

47.     Based on current investigation and upon information and belief, MSI is entitled to a declaratory judgment that one or more claims of the '659 Patent is invalid and/or has not been infringed and is not infringed (either directly, contributorily, jointly, or by inducement) either literally or by the application of the doctrine of equivalents.

## Ninth Counterclaim for Declaratory Relief
### (Non-Infringement/Invalidity of the '013 Patent)

48.     MSI incorporates by reference the statements and allegations set forth in Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

49.     MSI notes that the '013 Patent includes 28 Claims.  Kinglite has not specified in its Complaint which claims it intends to pursue.

50.     Based on current investigation and upon information and belief, one or more claims of the '013 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

51.     Based on current investigation and upon information and belief, MSI has not and is not infringing (either directly, contributorily, jointly or inducement) one or more valid claims of the '013 Patent.

52.     Based on current investigation and upon information and belief, MSI is entitled to a declaratory judgment that one or more claims of the '013 Patent is invalid and/or has not been infringed and is not infringed (either directly, contributorily, jointly, or by inducement) either literally or by the application of the doctrine of equivalents.

## Tenth Counterclaim for Declaratory Relief
### (Non-Infringement/Invalidity of the '783 Patent)

53.     MSI incorporates by reference the statements and allegations set forth in Paragraphs 1-7 of the Counterclaims in their entirety as set forth herein.

54.     MSI notes that the '783 Patent includes 20 Claims.  Kinglite has not specified in its Complaint which claims it intends to pursue.

55.     Based on current investigation and upon information and belief, one or more claims of the '783 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

56.     Based on current investigation and upon information and belief, MSI has not and is not infringing (either directly, contributorily, jointly or inducement) one or more valid claims of the '783 Patent.

57.     Based on current investigation and upon information and belief, MSI is entitled to a declaratory judgment that one or more claims of the '783 Patent is invalid and/or has not been infringed and is not infringed (either directly, contributorily, jointly, or by inducement) either literally or by the application of the doctrine of equivalents.

## Eleventh Counterclaim for Declaratory Relief

### (Non-Infringement/Invalidity of the '604 Patent)

58.     MSI incorporates by reference the statements and allegations set forth in Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

59.     MSI notes that the '604 Patent includes 30 Claims.  Kinglite has not specified in its Complaint which claims it intends to pursue.

60.     Based on current investigation and upon information and belief, one or more claims of the '604 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

61.     Based on current investigation and upon information and belief, MSI has not and is not infringing (either directly, contributorily, jointly or inducement) one or more valid claims of the '604 Patent.

62.     Based on current investigation and upon information and belief, MSI is entitled to a declaratory judgment that one or more claims of the '604 Patent is invalid and/or has not been infringed and is not infringed (either directly, contributorily, jointly, or by inducement) either literally or by the application of the doctrine of equivalents.

**Twelfth Counterclaim for Declaratory Relief**

**(Non-Infringement/Invalidity of the '412 Patent)**

63.     MSI incorporates by reference the statements and allegations set forth in Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

64.     MSI notes that the '412 Patent includes 21 Claims.  Kinglite has not specified in its Complaint which claims it intends to pursue.

65.     Based on current investigation and upon information and belief, one or more claims of the '412 Patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

66.     Based on current investigation and upon information and belief, MSI has not and is not infringing (either directly, contributorily, jointly or inducement) one or more valid claims of the '412 Patent.

67.     Based on current investigation and upon information and belief, MSI is entitled to a declaratory judgment that one or more claims of the '412 Patent is invalid and/or has not been infringed and is not infringed (either directly, contributorily, jointly, or by inducement) either literally or by the application of the doctrine of equivalents.

**Thirteenth Counterclaim for Declaratory Relief**

**(Non-Infringement/Invalidity of the '976 Patent)**

68.     MSI incorporates by reference the statements and allegations set forth in Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

69.     MSI notes that the '976 Patent includes 17 Claims.  Kinglite has not

-19-

1    specified in its Complaint which claims it intends to pursue.

2         70.    Based on current investigation and upon information and belief, one or

3    more claims of the '976 Patent is invalid for failure to meet the conditions set forth in

4    35 U.S.C. §§ 101, 102, 103, 112 and/or due to obviousness type double patenting.

5         71.    Based on current investigation and upon information and belief, MSI has

6    not and is not infringing (either directly, contributorily, jointly or inducement) one or

7    more valid claims of the '976 Patent.

8         72.    Based on current investigation and upon information and belief, MSI is

9    entitled to a declaratory judgment that one or more claims of the '976 Patent is invalid

10   and/or has not been infringed and is not infringed (either directly, contributorily,

11   jointly, or by inducement) either literally or by the application of the doctrine of

12   equivalents.

13                            **Fourteenth Counterclaims**

14                       **(Breach of Contract – FRAND Violation)**

15        73.    MSI incorporates by reference the statements and allegations set forth in

16   Paragraphs 1-7 of the Counterclaims in their entirety as if set forth herein.

17        74.    Kinglite characterizes eight of the asserted patents as being "Phoenix

18   UEFI patents." (Complaint, ¶ 9.) Phoenix Technologies Ltd. ("Phoenix") is listed as

19   the assignee on the face of these patents. Kinglite alleges that it now owns these

20   patents. (Complaint, ¶ 2.)

21        75.    Phoenix is a member of the Unified EFI Forum and is a signatory to the

22   Unified EFI Forum Promoters Agreement ("UEFI Promoters Agreement"). Phoenix

23   admits that Phoenix is on the Board of the UEFI. (Complaint, ¶ 8.)

24        76.    Section 3.1 of the UEFI Promoters Agreement provides for patent licenses

25   on certain terms under certain circumstances. As part of that section, each Promoter

26   agreed that any third-party recipient of a transfer of a patent containing "Necessary

27   Claims" would be subject to the UEFI Promoters Agreement.

28

DEFENDANTS MICRO-STAR INTERNATIONAL CO., LTD. AND          Case No. 2:14-cv-03009 JVS (PJWx)
MSI COMPUTER CORP.'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

77.   Based on the above language, and based on the allegations in the Complaint, MSI believes that Kinglite is bound by the UEFI Promoters Agreement with respect to any "Necessary Claims" that it may have obtained directly or indirectly from Phoenix Technologies Ltd., a signatory to the UEFI Promoters Agreement.

78.   MSI, an Adopter in connection with the Unified EFI Forum, without conceding in any way that it infringes any valid, enforceable claim of the patents asserted by Kinglite, has requested (on August 12, 2014) information to assist MSI with evaluating whether it will make a "request" under Section 3.1 of the UEFI Promoters Agreement for "a nonexclusive, nontransferable, non-sublicenseable, worldwide license on reasonable and nondiscriminatory terms under the Necessary Claims, solely to make, have made, use, import, offer to sell, sell and otherwise distribute and dispose of Compliant Portions" (the "FRAND License") with respect to one or more claims of patents owned and asserted by Kinglite.

79.   MSI's request included, at a minimum, an articulation of FRAND License terms for each of the eight Phoenix UEFI patents asserted by Kinglite.

80.   Kinglite rejected MSI's request in a letter dated August 15, 2014. No FRAND information was provided.  Kinglite also requested specific financial information from MSI.  Such request would not be necessary but for Kinglite's intent to discriminate between parties to whom it might extend licenses.

81.    Kinglite thus has breached its FRAND contractual obligations to MSI, whether MSI is viewed as being in privity of contract through its status as an Adopter and/or as a third-party beneficiary of the Promoter's Agreement, which is binding upon Kinglite.

82.   MSI has been injured as a proximate result of Kinglite's breach of its FRAND contractual obligations, including, but not limited to, being forced to continue with this litigation without the benefit of Kinglite's FRAND information.

**REQUEST FOR RELIEF**

WHEREFORE, MSI respectfully requests that this Court grant the following relief:

     a.    declare that MSI has not infringed and is not infringing any of the claims of the Asserted Patents;

     b.    declare that the Asserted Patents are invalid;

     c.    enjoin Kinglite from publicly stating that MSI infringes the Asserted Patents;

     d.    a judgment that Kinglite take nothing by its Complaint and that such Complaint against MSI be dismissed with prejudice;

     e.    a judgment declaring that this case is exceptional under 35 U.S.C. § 285 and awarding MSI its attorney's fees, costs and expenses in this action;

     f.    a judgment that MSI is entitled to its damages proximately caused by Kinglite's breach of its FRAND contract obligations; and

     g.    a judgment in favor of MSI for such further relief as this Court may deem just and proper.

DATED: September 10, 2014        Respectfully submitted,

WHITE & CASE LLP

By:   */s/ Bijal V. Vakil*
       Bijal V. Vakil (SBN 192878)
       Email: bvakil@whitecase.com
       WHITE & CASE LLP
       633 W. Fifth Street, Suite 1900
       Los Angeles, CA  90071-2007
       Telephone:  (213) 620-7700
       Facsimile:   (213) 452-2329

       Steven G. Hill (admitted *pro hac vice*)
       sgh@hkw-law.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

John L. North (admitted *pro hac vice*)
jln@hkw-law.com
Martha L. Decker (admitted *pro hac vice*)
md@hkw-law.com
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
(770) 953-0995

*Attorneys for Defendants and Counterclaim*
*Plaintiffs MICRO-STAR INTERNATIONAL*
*CO., LTD, and MSI COMPUTER CORP.*

DEFENDANTS MICRO-STAR INTERNATIONAL CO., LTD. AND          Case No. 2:14-cv-03009 JVS (PJWx)
MSI COMPUTER CORP.'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

# DEMAND FOR JURY TRIAL

MSI demands trial by jury on all issues that are triable by jury.

DATED: September 10, 2014

Respectfully submitted,

WHITE & CASE LLP

By:   */s/ Bijal V. Vakil*
Bijal V. Vakil (SBN 192878)
Email: bvakil@whitecase.com
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone:  (213) 620-7700
Facsimile:   (213) 452-2329

Steven G. Hill (admitted *pro hac vice*)
sgh@hkw-law.com
John L. North (admitted *pro hac vice*)
jln@hkw-law.com
Martha L. Decker (admitted *pro hac vice*)
md@hkw-law.com
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
(770) 953-0995

*Attorneys for Defendants and Counterclaim Plaintiffs MICRO-STAR INTERNATIONAL CO., LTD, and MSI COMPUTER CORP.*