UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | October 6, 2014 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |

| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. |
|---|---|
| | Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| | Karla J. Tunis | Sharon Seffens |
| | Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| George Summerfield / Scott Vick | John North / Steven Hill |

**Proceedings:** American Megatrends, Inc.'s Motion to Intervene as Defendant (Fld 9-4-14 - Dkt #38 in 3009 and #55 in 4989)

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. The parties submit on the Court's tentative ruling. The Court GRANTS American Megatrends Motion to Intervene and rules in accordance with the tentative ruling as follows:**

These consolidated actions arise out of allegations that Defendants' products ("the accused products") infringe twenty of Plaintiff's patents. Presently before the Court is the Motion to Intervene of non-party American Megatrends, Inc. ("AMI"), which seeks to be added to the present litigation as a Defendant and Counterclaimant. (Docket No. 38.) Plaintiff Kinglite Holdings, Inc. ("KHI") has filed a timely Opposition brief, and AMI has filed a Reply brief. (Docket Nos. 42-43.)

As set forth herein the Court grants AMI's Motion to Intervene.

I.      Background

KHI has sued Defendants Micro-Star Int'l Co., Ltd. and MSI Computer Corp. (collectively, "MSI"), as well as Giga-Byte Technology Co., Ltd. and G.B.T., Inc. (collectively, "GBT") in two separate cases, which the Court has consolidated. AMI supplies MSI and GBT with basic input output system ("BIOS") technologies (that assist with boot-up of a computer), and MSI and GBT have incorporated this technology into

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | October 6, 2014 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |

| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. |
|---|---|
| | Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. |

the accused products.  (Crose Decl. ¶¶ 8-9.)  AMI supplies over 100 customers with this technology.  (Crose Decl. ¶¶ 3-5.)

Many of the patents-in-suit implicate technology related to the Unified Extensible Firmware Interface Forum, a forum upon whose board AMI serves and whose goal is to develop and promulgate specifications related to the Unified Extensible Firmware Interface ("UEFI", also known as "BIOS").  (Crose Decl. ¶ 11.)  Kinglite avers that thirteen of the twenty patents-in-suit are contained in versions of UEFI specifications.  (GBT Compl. ¶¶ 7-10; MSI Compl. ¶¶ 7-10.)  Kinglite also contends that AMI itself "infringes . . . 12 UEFI patents asserted against one or both of MSI and GBT."  (Opp'n at 2.)

Against this background, AMI moves to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2).  Alternatively, AMI moves to intervene pursuant to Rule 24(b), related to permissive intervention.

II.   Intervention

Federal Rule of Civil Procedure 24(a)(2) provides: "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  This provision is construed liberally in favor of potential intervenors.  California ex rel. Lockyer v. U.S., 450 F.3d 436, 440 (9th Cir. 2006).  In determining whether intervention is appropriate, the Ninth Circuit applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | October 6, 2014 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |

| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. |
|---|---|
| | Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. |

Id.

Permissive intervention is governed by Rule 24(b), which provides that, on a timely motion, the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact," so long as the intervention "will [not] unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b), (c). In the Ninth Circuit, an applicant seeking permissive intervention must prove that: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the Court has an independent basis for jurisdiction over the applicant's claims. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998).

III. Discussion

Here, intervention is warranted as a matter of right and under the permissive intervention standard.

    A. Intervention as a Matter of Right

        1. Timeliness

Given the current stage of the proceedings, the Court discerns no issue with the timeliness of AMI's Motion to Intervene. Thus, this requirement is clearly met.

        2. Protectable Interest

To determine whether an applicant has a "significantly protectable" interest necessary for intervention, the Court must consider: (i) whether the interest is protectable under some law; and (ii) whether there is a relationship between the legally protected interest and the claims at issue. Wilderness Soc. v. U.S. Forest Service, 630 F.3d 1173, 1179 (9th Cir. 2011). A would-be intervenor must demonstrate generally it "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." California ex rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir.2006). "Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | October 6, 2014 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |

| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. |
|---|---|
| | Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. |

contingent upon the outcome of the litigation." City of Emeryville v. Robinson, 621 F.3d 1251, 1259 (9th Cir. 2010) (internal quotation marks and citation omitted).)

Here, AMI has an interest in preserving its rights to continue to develop and sell its BIOS technology free of KHI's claims that its widely sold technology infringes KHI's patents. AMI has a legally protectable interest in whether technology infringes KHI's patents. Under the proper circumstances, AMI could seek declaratory relief regarding that issue. Here, an adjudication of patent infringement in favor of KHI based on AMI's technology (as incorporated in MSI's and GBT's products) could impair AMI's ability to market that technology to its many other customers. This is especially significant given AMI's representation that its BIOS technology is its core business. (Motion at 6.) Thus, the second requirement is met.

### 3. Ability to Protect Interest Impaired or Impeded

KHI does not challenge whether this requirement is met, and the Court finds that it is. As noted above, an adjudication of patent infringement in favor of KHI could impair AMI's ability to market that technology to its many other customers.

### 4. Not Adequately Represented by Other Parties

To be sure, AMI's interests align with those of MSI and GBT. However, AMI's ability to defend the present litigation appears greater given its in-depth familiarity with the underlying technology. Specifically, AMI represents that it has the best knowledge of its own technology, including a large number of AMI patents that cover AMI BIOS and relevant prior art. (Reply at 6.)

Moreover, AMI's interests in the present litigation are broader than those of MSI and GBT. AMI has the broader interests of protecting not only MSI's and GBT's rights to use the BIOS technology, but also of protecting all its other customers, as well as its own ability to continue to market the technology that KHI contends infringes the patents-in-suit. (Id.)

This fourth requirement is met as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 14-03009 JVS(PJWx)** <br> Consolidated with CV 14-04989 JVS(PJWx) | Date | October 6, 2014 |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. <br> Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

Therefore, the Court finds that all four requirements for intervention as a matter of right have been met, and the Court grants AMI's Motion.

  B. <u>Permissive Intervention</u>

Even if the Court were to find that intervention as a matter of right should be denied, the Court would grant AMI leave to intervene under Rule 24(b)'s permissive intervention standard. That standard requires only "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." <u>United States v. Washington</u>, 86 F.3d 1499, 1506-07 (9th Cir.1996).

As discussed above, the present Motion to Intervene is timely, and there are common questions of law and fact between AMI's claims and defenses and the present litigation. Moreover, there is an independent ground for jurisdiction because AMI's claims for declaratory relief depend on federal patent law. See <u>Nikon Corp. v. ASM Lithography B.V.</u>, 222 F.R.D. 647, 651 (N.D. Cal. 2004).

Thus, alternatively, the Court grants leave to AMI to permissively intervene.

IV. <u>Conclusion</u>

As set forth herein the Court grants AMI's Motion to Intervene.

AMI may file its Answer and Counterclaims within twenty days of the entry of this Order. Thereafter, KHI shall have seven days to Answer or otherwise respond to AMI's Answer and Counterclaims.

  **IT IS SO ORDERED.**

| | : | 02 |
|---|---|---|
| Initials of Preparer | kjt | |