VICK LAW GROUP, APC
  Scott Vick (Bar No. 171944)
  Jason Riddick (Bar No. 235980)
800 West Sixth Street, Suite 1220
Los Angeles, California 90017
Telephone: (213) 784-6225
Facsimile:  (213) 784-6227
E-Mail:   Scott@vicklawgroup.com
              Jason@vicklawgroup.com
[Additional counsel listed on signature page]

*Attorneys for Plaintiff*
*KINGLITE HOLDINGS INC.*

HILL, KERTSCHER & WHARTON, LLP
  Steven G. Hill (*admitted pro hac vice*)
  John L. North (*admitted pro hac vice*)
  Martha L. Decker (*admitted pro hac vice*)
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Facsimile:  (770) 953-1358
Email:   sgh@hkw-law.com
              jln@hkw-law.com
              md@hkw-law.com
[Additional counsel listed on signature page]

*Attorneys for Defendants and Counterclaim Plaintiffs*
*MICRO-STAR INTERNATIONAL CO., LTD, MSI*
*COMPUTER CORP., GIGA-BYTE TECHNOLOGY CO.,*
*LTD., G.B.T., INC., and AMERICAN MEGATRENDS INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KINGLITE HOLDINGS INC., a Seychelles Company,<br><br>          Plaintiff,<br><br>   v.<br><br>MICRO-STAR INTERNATIONAL CO., LTD., et al.,<br><br>          Defendants. | **Case No. CV 14-03009-JVS (PJWx)**<br>*Consolidated with*<br>Case No. CV 14-04989-JVS (PJWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>See P.21 For Court's Signature<br>                                        PJW |
| This Document Relates To:  *All Cases* | |

**STIPULATED PROTECTIVE ORDER**

**1.     PURPOSES AND LIMITATIONS**

       Disclosure and discovery activity in this action, if allowed, are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; L.R. 79-5 and this Court's Procedures for Presenting Documents Electronically for Sealing sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

       2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

       2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

       2.3     "HIGHLY CONFIDENTIAL" Information or Items: information that satisfies the requirements of paragraph 2.2 *and* which comprises or contains particularly sensitive information, including trade secrets of a technical nature or extremely sensitive, highly confidential, nonpublic business information, such as financial, regulatory, or strategic information, the disclosure of which to individuals who are authorized to receive CONFIDENTIAL information would put the

1

**STIPULATED PROTECTIVE ORDER**

Producing Party at a competitive disadvantage.

2.4    "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items: computer code, such as RTL, VHDL, Verilog, GDSII; comments embedded in such code; and schematics, simulations or other design documents generated with such code ("Source Code Material"), disclosure of which by the Producing Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL SOURCE CODE".

2.7    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.9    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and

**STIPULATED PROTECTIVE ORDER**

have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL SOURCE CODE".

2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or

**STIPULATED PROTECTIVE ORDER**

otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.  Nothing contained in this Stipulated Protective Order shall prevent a Party's Outside Counsel of Record from providing high level tactical and strategic advice to such Party.

**4.** **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party will designate for protection by page only those parts of material, documents, items, or oral or written communications that qualify under this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the

Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the appropriate legend to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL", except for HIGHLY CONFIDENTIAL SOURCE CODE materials made available for inspection pursuant to Section 7.5 below.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material. If only a portion

4

**STIPULATED PROTECTIVE ORDER**

or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a

5

challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under L.R. 7-3 – 7-8 (and in compliance with L.R. 79-5) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration

**STIPULATED PROTECTIVE ORDER**

affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary

**STIPULATED PROTECTIVE ORDER**

1   to disclose the information for this litigation;

2        (b)  the officers, directors, and employees (including House Counsel) of the

3   Receiving Party to whom disclosure is reasonably necessary for this litigation;

4        (c)  Experts (as defined in this Order) of the Receiving Party to whom

5   disclosure is reasonably necessary for this litigation and who have signed the

6   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7        (d)  the court, any discovery referee appointed in this action, any mediator

8   and their respective personnel;

9        (e)  court reporters and their staff, professional jury or trial consultants, mock

10  jurors, and Professional Vendors to whom disclosure is reasonably necessary for

11  this litigation and who have signed the "Acknowledgment and Agreement to Be

12  Bound" (Exhibit A);

13       (f)  the author or recipient of a document containing the information or a

14  custodian or other person who otherwise possessed or knew the information.

15       7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.

16  Unless otherwise ordered by the court or permitted in writing by the Designating

17  Party, a Receiving Party may disclose any information or item designated

18  "HIGHLY CONFIDENTIAL" only to:

19       (a)  the Receiving Party's Outside Counsel of Record in this action, as well

20  as employees of said Outside Counsel of Record to whom it is reasonably necessary

21  to disclose the information for this litigation;

22       (b)  Experts (as defined in this Order) of the Receiving Party to whom

23  disclosure is reasonably necessary for this litigation and who have signed the

24  "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided the

25  Receiving Party first gives all other Parties ten (10) days' notice in writing of its

26  intent to disclose "HIGHLY CONFIDENTIAL" material to such Expert, so that

27  any objections can be asserted, and further provided that any Expert to whom

28

8

**STIPULATED PROTECTIVE ORDER**

Plaintiff intends to disclose HIGHLY CONFIDENTIAL material shall not be actively employed or employed as a consultant to any company in the same industry as any Defendant or Intervening Defendant";

(c)  the court, any discovery referee appointed in this action, any mediator and their respective personnel;

(d)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); or

(e)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Disclosure of "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL SOURCE CODE" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this Action, who provide a current curriculum vitae and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); provided the Receiving Party first gives all other Parties ten (10) days' notice in writing of its intent to disclose "HIGHLY CONFIDENTIAL SOURCE CODE" material to such Expert, so that any objections can be asserted, and further provided that any Expert to whom Plaintiff intends to disclose HIGHLY CONFIDENTIAL SOURCE CODE material shall not be actively engaged in preparing source code for any company in the same industry as any Defendant or Intervening Defendant and shall not be

9

**STIPULATED PROTECTIVE ORDER**

1  actively employed or employed as a consultant to any company in the same

2  industry as any Defendant or Intervening Defendant";

3       (c)    the court, any discovery referee appointed in this action, any mediator

4  and their respective personnel;

5       (d)    court reporters and their staff;

6       (e)    the author or recipient of a document containing the information or a

7  custodian of the document.

8       (f)    any other person with the prior written consent of the Producing Party,

9  who also signs the "Acknowledgment and Agreement to Be Bound".

10      7.5   Restrictions on Producing Party's source code that is designated

11  "HIGHLY CONFIDENTIAL SOURCE CODE": To the extent a Producing Party's

12  source code is relevant and discoverable in this action, it may be designated as

13  "HIGHLY CONFIDENTIAL SOURCE CODE" and, unless the Producing Party

14  agrees otherwise, shall be subject to the following additional restrictions and

15  protections:

16       (a)    Source code in electronic format shall be made available for inspection

17  at the offices of a Producing Party's Outside Counsel of Record, or at a location

18  designated by the Producing Party and agreed to by the Receiving Party. All source

19  code will be loaded on a single, non-networked computer that is password protected

20  and maintained in a secure, locked area. The computer containing source code will

21  be made available for inspection during regular business hours, upon reasonable

22  notice to the Producing Party. Use of any input/output device (*e.g.*, USB memory

23  stick, CDs, floppy disk, portable hard drive, etc.), as well as any cell phone or

24  laptop, is prohibited while accessing the computer containing the source code.

25       (b)    No person shall copy, e-mail, transmit, upload, download, print,

26  photograph or otherwise duplicate any portion of the designated source code,

27  except as follows:

28

**STIPULATED PROTECTIVE ORDER**

i.      The Receiving Party may request a reasonable number of pages of source code to be printed. The Producing Party may object to the Receiving Party's source code print request within five (5) business days. The Parties will work in good faith to resolve any disputes regarding the printing of source code and, if unsuccessful, the burden is on the Receiving Party to file a motion to compel.

ii.      Any printed pages of source code, and any other documents or things reflecting source code shall be printed on watermarked paper bearing bates-numbers and the legend "HIGHLY CONFIDENTIAL SOURCE CODE" (hereafter Printed Source Code). To the extent reasonably possible, the parties will endeavor to provide printouts with the full path and file name of the Printed Source Code excerpts and line-numbering.

iii.      Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the Producing Party as "HIGHLY CONFIDENTIAL SOURCE CODE" may not be copied, digitally imaged, e-mailed, transmitted, uploaded, downloaded, photographed or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports or court filings.

iv.      Any paper copies designated "HIGHLY CONFIDENTIAL SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel of Record for the Receiving Party, (ii) the offices of outside Experts who have been approved to access source code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a locked and secure location.  No printed pages of source code or other documents or things reflecting source code may be taken outside of the United States.

**STIPULATED PROTECTIVE ORDER**

(c)     A Receiving Party that wants to use any such materials at a deposition may, no earlier than seventy-two (72) hours prior to any such deposition, make only as many copies, and only of the specific pages, as it intends to actually use at the deposition. At the conclusion of the deposition, the Producing Party (or its designee) will collect each copy of such materials and will retain the original of any such exhibit, which shall not be appended to the transcript of the deposition.

(d)     A Receiving Party that wants to file or otherwise submit any such materials to the Court in connection with a filing may, no earlier than seventy-two (72) hours prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission to the Court and shall file any and all such copies of the materials with an application to file under seal.

(e)     Outside Counsel of Record for the Receiving Party shall maintain an access log relating to the Printed Source Code in its possession pursuant to sub-paragraph (b) above and, for each time that the "HIGHLY CONFIDENTIAL SOURCE CODE" materials are viewed, shall record (i) the name of each person who viewed the materials; (ii) the date of access; and (iii) the number of copies made. The Producing Party shall be entitled to a copy of the log on three (3) business day's advance notice.

(f)     No Party shall physically, magnetically, digitally, optically or otherwise copy by any means information or items that another Party has designated "HIGHLY CONFIDENTIAL SOURCE CODE" subject to the exceptions enumerated above.

## 8.    <u>RESTRICTIONS ON DISSEMINATION:</u>

No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any materials designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL SOURCE CODE" to any person not also authorized to examine

**STIPULATED PROTECTIVE ORDER**

those materials under section 7.2-7.4 of this Order.  Nothing contained in this Order shall prevent a Party's Outside Counsel of Record from providing to such Party high level tactical and strategic advice based on materials designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL SOURCE CODE".

**9.**    **USE IN DEPOSITIONS:**

(a)    Materials designated "CONFIDENTIAL":  During a deposition, a deponent may be shown, and examined about material designated as "CONFIDENTIAL". If the deponent is not a designated person authorized to view such material prior to such examination pursuant to Section 7.2, the deponent shall be given a copy of this Order, together with the "Acknowledgment and Agreement to Be Bound" which the deponent will be required to sign and abide by same.

(b)    Materials designated "HIGHLY CONFIDENTIAL":  During a deposition, a deponent may be shown, and examined about material designated as "HIGHLY CONFIDENTIAL" if the deponent is a person denominated in section 7.3 of this Order.  In the event a Party desires to show a person who is not qualified pursuant to section 7.3 to receive material designated as "HIGHLY CONFIDENTIAL", counsel for the Party shall give counsel for all other Parties at least five (5) business days advance notice of the intent to show material designated as "HIGHLY CONFIDENTIAL" to the deponent.  Any counsel objecting shall confer with opposing counsel in an attempt to resolve the matter. If the conference of counsel is not successful, counsel objecting to the disclosure to the deponent shall file a motion for protective order with the Court in advance of the deposition, in which case the deponent shall not receive material designated as "HIGHLY CONFIDENTIAL" until and unless the Court denies said motion. In addition, the deponent shall be given a copy of this Order, together with the "Acknowledgment and Agreement to Be Bound" which the deponent will be required to sign and abide

13

**STIPULATED PROTECTIVE ORDER**

1   by same.

2        (c)      Materials designated "HIGHLY CONFIDENTIAL SOURCE CODE":

3   During a deposition, a deponent may be shown, and examined about material

4   designated as "HIGHLY CONFIDENTIAL SOURCE CODE" if the deponent is a

5   person denominated in section 7.4 of this Order. In the event a Party desires to

6   show a person who is not qualified pursuant to section 7.4 to receive material

7   designated as "HIGHLY CONFIDENTIAL SOURCE CODE," counsel for the

8   Party shall give counsel for all other Parties at least five (5) business days advance

9   notice of the intent to show material designated as "HIGHLY CONFIDENTIAL

10  SOURCE CODE" to the deponent. Any counsel objecting shall confer with

11  opposing counsel in an attempt to resolve the matter. If the conference of counsel is

12  not successful, counsel objecting to the disclosure to the deponent shall file a

13  motion for protective order with the Court in advance of the deposition, in which

14  case the deponent shall not receive material designated as "HIGHLY

15  CONFIDENTIAL SOURCE CODE" until and unless the Court denies said motion.

16  In addition, the deponent shall be given a copy of this Order, together with the

17  "Acknowledgment and Agreement to Be Bound" which the deponent will be

18  required to sign and abide by same.

19       (d)     Excluded Persons: Either Party shall have the right to exclude the

20  following persons from a deposition before the taking of testimony that will involve

21  material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or

22  HIGHLY CONFIDENTIAL SOURCE CODE under this Order.

23            i.        As to testimony or exhibits to the deposition that a Party deems

24  "CONFIDENTIAL": all persons except counsel of record for the deponent, counsel

25  for the Parties, and the Parties (or the designated representatives of the Parties) and

26  any retained Experts of a Party for purposes of this Action, and any other person

27  designated in and who complies with paragraph 7.2.

28

**STIPULATED PROTECTIVE ORDER**

ii.      As to testimony or exhibits to the deposition that a Party deems "HIGHLY CONFIDENTIAL": all persons except outside counsel of record for the deponent, counsel for the Parties, any retained Experts of a Party for purposes of this Action, and any other person designated in and who complies with paragraph 7.3.

iii.     As to testimony or exhibits to the deposition that a Party deems "HIGHLY CONFIDENTIAL SOURCE CODE": all persons except outside counsel of record for the deponent, counsel for the Parties, any retained Experts of a Party for purposes of this Action, and any other person designated in and who complies with paragraph 7.4.

iv.      <u>Designation</u>: During the deposition, or within thirty (30) days after receiving a copy of the transcript, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE". Until the expiration of the 30-day period, the transcript and exhibits shall be treated as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL SOURCE CODE", but when such thirty (30)-day period expires, only those pages of the transcript and exhibits designated during the deposition as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" shall be treated as such. Thereafter, the original and all copies of such pages and exhibits shall be stamped as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" as set forth in this Order and the title page of the transcript shall state "Contains CONFIDENTIAL Information," "Contains HIGHLY CONFIDENTIAL Information" and/or "Contains HIGHLY CONFIDENTIAL SOURCE CODE Information."

**STIPULATED PROTECTIVE ORDER**

**10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL SOURCE CODE" that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

**STIPULATED PROTECTIVE ORDER**

CONFIDENTIAL" or "HIGHLY CONFIDENTIAL SOURCE CODE".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**STIPULATED PROTECTIVE ORDER**

**12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**14.   <u>PROSECUTION BAR</u>**

14.1   Documents or things designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL SOURCE CODE are subject to a Prosecution Bar as set forth in Paragraphs 14.2 and 14.3 below.

14.2   No documents designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL SOURCE CODE may be used

18

in the drafting or prosecution of any patent application or patent for any Party to this lawsuit other than the Producing Party of such source code.

14.3   No person who reviews documents designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL SOURCE CODE ONLY for a Receiving Party shall have direct involvement (e.g., writing, reviewing, or approving new applications; strategically amending or surrendering claim scope during prosecution) in the prosecution of patents for the party for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals). Nothing in paragraphs 14.2 or 14.3 shall be construed as otherwise preventing any Outside Counsel of Record from participating in any challenge to the enforceability of any patent, including without limitation in proceedings in this Court or post-grant, inter partes review, reexamination or reissue proceedings in the United States or foreign patent offices, provided that such Outside Counsel of Record may not participate in any communication, activity, discussion, analysis or other work relating to any potential claim amendments or claim amendment strategies.  This prosecution bar shall be personal to any Outside Counsel of Record who reviews documents or things designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL SOURCE CODE and shall not be imputed to any other persons or attorneys at the Outside Counsel of Record's law firm or company.

**15.   MISCELLANOUS**

15.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

15.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on

**STIPULATED PROTECTIVE ORDER**

any ground to use in evidence of any of the material covered by this Protective Order.

      15.3  <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with L.R. 79-5 and this Court's Procedures for Presenting Documents Electronically for Sealing.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to  L.R. 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to L.R. 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to L.R. 79-5 unless otherwise instructed by the court.

## 16.    <u>FINAL DISPOSITION</u>

      Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

**STIPULATED PROTECTIVE ORDER**

Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**


```
IT IS SO ORDERED.
Dated: November 3, 2014
_/S/Patrick J. Walsh_____
Patrick J. Walsh
United States Magistrate Judge
```

**STIPULATED PROTECTIVE ORDER**

DATED: October 28, 2014

VICK LAW GROUP, APC

*- and -*

STADHEIM & GREAR LTD.


By:   /s/  Scott Vick

VICK LAW GROUP, APC
   Scott Vick (Bar No. 171944)
   Jason Riddick (Bar No. 235980)
800 West Sixth Street, Suite 1220
Los Angeles, California 90017
Telephone: (213) 784-6225
Facsimile:  (213) 784-6227
E-Mail:   Scott@vicklawgroup.com
                Jason@vicklawgroup.com

STADHEIM & GREAR LTD.
   Rolf O. Stadheim (*admitted pro hac vice*)
   George C. Summerfield (*admitted pro hac vice*)
   Kyle L. Harvey (*admitted pro hac vice*)
   Robert M. Spalding (*admitted pro hac vice*)
   Christopher H. St. Peter (*admitted pro hac vice*)
400 N. Michigan Avenue, Suite 2200
Chicago, Illinois 60611
Telephone: (312) 755-4400
Facsimile:  (312) 755-4408
E-Mail:   stadheim@stadheimgrear.com
                summerfield@stadheimgrear.com
                harvey@stadheimgrear.com
                spalding@stadheimgrear.com
                stpeter@stadheimgrear.com

*Attorneys for Plaintiff*
KINGLITE HOLDINGS INC.

**STIPULATED PROTECTIVE ORDER**

DATED: October 28, 2014          HILL, KERTSCHER & WHARTON, LLP
                                 *- and -*
                                 LIVORNESE LAW GROUP
                                 *- and -*
                                 WHITE & CASE LLP


                                 By:   /s/  Steven G. Hill

                                 HILL, KERTSCHER & WHARTON, LLP
                                    Steven G. Hill (*admitted pro hac vice*)
                                    John L. North (*admitted pro hac vice*)
                                    Martha L. Decker (*admitted pro hac vice*)
                                 3350 Riverwood Parkway, Suite 800
                                 Atlanta, Georgia 30339
                                 Telephone: (770) 953-0995
                                 Facsimile:  (770) 953-1358
                                 Email:   sgh@hkw-law.com
                                          jln@hkw-law.com
                                          md@hkw-law.com

                                 LIVORNESE LAW GROUP
                                    Don F. Livornese (Bar No. 125934)
                                 1500 Rosecrans Ave, Suite 500
                                 Manhattan Beach, California 90266
                                 Telephone: (310) 356-6920
                                 Facsimile:  (310) 356-6930
                                 Email:   dlivornese@livorneselawgroup.com

                                 WHITE & CASE LLP
                                    Bijal V. Vakil (SBN 192878)
                                 633 W. Fifth Street, Suite 1900
                                 Los Angeles, CA 90071-2007
                                 Telephone: (213) 620-7700
                                 Facsimile:  (213) 452-2329
                                 Email:   bvakil@whitecase.com

                                 *Attorneys for Defendants and Counterclaim Plaintiffs* MICRO-STAR INTERNATIONAL CO., LTD, and MSI COMPUTER CORP.

23

**STIPULATED PROTECTIVE ORDER**

DATED: October 28, 2014  HILL, KERTSCHER & WHARTON, LLP
                *- and -*
                LIVORNESE LAW GROUP


                By:   /s/   Steven G. Hill

                HILL, KERTSCHER & WHARTON, LLP
                  Steven G. Hill (*admitted pro hac vice*)
                  John L. North (*admitted pro hac vice*)
                  Martha L. Decker (*admitted pro hac vice*)
                3350 Riverwood Parkway, Suite 800
                Atlanta, Georgia 30339
                Telephone: (770) 953-0995
                Facsimile: (770) 953-1358
                Email:   sgh@hkw-law.com
                    jln@hkw-law.com
                    md@hkw-law.com

                LIVORNESE LAW GROUP
                  Don F. Livornese (Bar No. 125934)
                1500 Rosecrans Ave, Suite 500
                Manhattan Beach, California 90266
                Telephone: (310) 356-6920
                Facsimile: (310) 356-6930
                Email:   dlivornese@livorneselawgroup.com

                *Attorneys for Defendants and Counterclaim Plaintiffs* GIGA-BYTE TECHNOLOGY CO., LTD., G.B.T., INC., and AMERICAN MEGATRENDS, INC.

**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____   _____[print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of California

on [date] in the cases of *Kinglite Holdings Inc. v. Micro-Star International Co., Ltd.*,

United States District Court, Central District of California (Southern Division), Case

No. CV 14-03009-JVS(PJWx) and *Kinglite Holdings Inc. v. GIGA-BYTE Technology

Co., Ltd.*, United States District Court, Central District of California (Southern

Division), Case No. CV 14-04989-JVS(PJWx).  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATED PROTECTIVE ORDER**