UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |

| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. |
|---|---|
| | Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Granting Exceptional Case Determination**

Pursuant to 35 U.S.C. § 285, Defendants American Megatrends, Inc. ("AMI"); Micro-Star International Co. Ltd., MSI Computer Corp. (collectively, "MSI"); and Giga-Byte Technologies Co., Ltd., and G.B.T. Inc. (collectively, "GBT"), (all collectively, "Defendants") move for a determination that this case is "exceptional." (Defs.' Mot. Exceptional Case Determination, 3009 Docket ("Dkt.") No. 198.)[1] Based on such a determination, Defendants seek an award of attorney's fees. Plaintiff Kinglite Holdings, Inc. ("Kinglite") opposes. (P.'s Opp'n Mot. Exceptional Case Determination, 3009 Dkt. No. 206.) Defendants replied. (Reply Supp. Mot. Exceptional Case Determination, 3009 Dkt. Nos. 210–11.)

For the following reasons, the Court **grants** Defendants' motion for a determination that the case is "exceptional."

I.   Background

Kinglite filed a complaint against MSI ("MSI Complaint") on April 18, 2014, asserting claims for infringement of thirteen patents. (3009 Dkt. No. 1.) Kinglite filed a complaint against GBT ("GBT Complaint") on June 26, 2014, asserting claims for infringement of twenty patents. (4989 Dkt. No. 1.) Both cases were assigned to this Court. (3009 Dkt. No. 13; 4989 Dkt. No. 42.) The cases were consolidated by stipulation

---

[1] All citations to "3009 Dkt. No." are in reference to the docket for Case No. 2:14-cv-3009 JVS (PJWx) and all citations to "4989 Dkt. No." are in reference to the docket for Case No. 2:14-cv-4989 JVS (PJWx).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. | | |
| | Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

on August 1, 2014. (4989 Dkt. No. 48.) Both MSI and GBT filed answers, affirmative defenses, and counterclaims. (3009 Dkt. No. 40; 4989 Dkt. No. 56.)

On October 6, 2014, the Court allowed AMI to intervene as a defendant and counterclaimant in the consolidated case. (3009 Dkt. No. 51.) At the scheduling conference on October 6, the Court also ordered the case to be effectively bifurcated. The Court ordered the parties to meet and confer and identify six patents to be tried in the initial phase of the case. The Court suggested that the parties prioritize and pick the most important patents for the initial phase of the case. On November 5, the parties filed a joint report where they identified the six patents, and seven representative claims, composing "Phase I" of the litigation. (3009 Dkt. No. 69; 4989 Dkt. No. 92.)

Kinglite moved to amend to add claims of indirect infringement of four patents in Phase I. (See Order Granting in Part and Denying in Part Motion for Leave to Amend; 3009 Dkt. No. 85-1; 4989 Dkt. No. 105-1.) The Court denied Kinglite's motion to add claims of indirect infringement on April 6, 2015. (Id.) The Court held that Kinglite had "failed to establish good cause for amending the scheduling order" which had set a deadline for amending the pleadings which had passed. (Id. p. 3.) Kinglite filed its (permitted) amended complaints and counterclaims. (3009 Dkt. Nos. 84, 87, 88; 4989 Dkt. Nos. 104, 107, 108.)

In July and August the parties filed competing motions. Kinglite filed a motion to amend its infringement contentions; Defendants filed a motion for judgment on the pleadings and a motion for partial summary judgment. The Court issued its order on these motions on October 16, 2015 (the "October Order"). (3009 Dkt. No. 151, 4989 Dkt. No. 169.) The Court granted in part, and denied in part, Kinglite's motion to amend. (Id. pp. 3–9.) The Court granted Defendants' motion for judgment on the pleadings. (Id. pp. 9–19.) The Court denied Defendants' motion for partial summary judgment. (Id. pp. 19–23.)

The October Order decided several issues of significance to the instant motion. First, the Court held that although Kinglite would be permitted to amend its infringement contentions, it would not be permitted to add new products to the suit. (Id. p. 8.) Second, the Court held that amendments of the infringement contentions to reference the "legacy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. | | |
| | Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

boot mode option" and the "legacy boot order" would not be entertained. (Id.) Third, the Court conducted an analysis of the validity of two claims of one of the Phase I patents. The Court concluded that Defendants showed by clear and convincing evidence (i.e., the patent itself), that the patent was not directed to statutory subject matter and, thus, was invalid. (Id. p. 19.)

Despite the Court limiting the scope of the amendments to the infringement contentions and the Court ruling that certain claims of one of the patents were invalid, the litigation continued. Defendants filed a motion for partial summary judgment as to the invalidity of two other Phase I patents contending that the claims were not directed to statutory subject matter because they claimed transitory embodiments. Following a hearing on the motion, the Court requested supplemental briefing. (3009 Dkt. No. 176.) Instead of filing the supplemental briefing, the parties filed a joint stipulation indicating that Defendants would withdraw the motion for partial summary judgment and Kinglite would dismiss with prejudice the claims for infringement of those two Phase I patents. (3009 Dkt. No. 177.) The Court granted the joint stipulation. (3009 Dkt. No. 178.)

Finally, at the end of 2015, the parties filed briefing on dueling motions to strike portions of the expert reports. (3009 Dkt. Nos. 164, 171.) The Court granted both parties' requested relief, striking portions of several expert reports. (Order re Motion to Strike, 3009 Dkt. No. 184.) At the hearing on that motion, the parties indicated that they were in discussions to conclude, without a trial, Phase I.

Phase I of this case ended on February 24, 2016 when the Court granted a joint motion for entry of consent judgment. (Consent Judgment Order, 3009 Dkt. No. 194.) The Court dismissed with prejudice all causes of action for infringement of the Phase I patents. (Id. ¶ 1.) The Court also incorporated, by reference, the parties' joint motion for entry of consent judgment. (Consent Judgment Joint Motion, 3009 Dkt. No. 192.) The joint motion for entry of consent judgment and the order granting joint motion for entry of consent judgment determined that there were no remaining issues which the Court needed to try with respect to infringement *vel non* of the Phase I patents. (Consent Judgment Order ¶ 3.) The Court also found that the Consent Judgment Order constituted a final judgment disposing of the causes of action for infringement of the Phase I Patents. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. <br> Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

II. Legal Standard

In a patent case, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014).

III. Discussion

    A. Prevailing Party Status

A threshold issue for the Court to resolve on this motion is whether or not Defendants are premature in bringing their motion for an exceptional case determination at this stage in proceedings. At this stage, Phase I of litigation has concluded in Defendants' favor, but a total determination of liability *vel non* on the rest of the parties' pleadings has not been adjudicated.

In three paragraphs, Kinglite argues that Defendants' motion for an exceptional case determination is premature and should be held in abeyance. Kinglite argues that although Defendants may be prevailing parties in the litigation of the six patents composing Phase I of litigation, such success is a temporary victory because there are several other patents that remain to be litigated. Kinglite suggests that, according to Federal Circuit precedent, that there can only be one prevailing party for purposes of § 285, even in a mixed judgment case. (See P.'s Opp'n Mot. Exceptional Case Determination pp. 3–4 (citing Shum v. Intel Corp., 629 F.3d 1360, 1367 (Fed. Cir. 2010); Power-One, Inc. v. Artesyn Techs., Inc., 2008 U.S. Dist. LEXIS 66117 at *7-8 (E.D. Tex. Aug. 27, 2008)).) Kinglite also cites a United States Supreme Court case for the proposition that a plaintiff can be a prevailing party if it prevails on any part of its action. (Id. p. 4 (citing Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989) (seeking fees under 42 U.S.C. § 1988).) Kinglite hypothesizes that, should it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

prevail on any of its patent infringement claims in later phases of this litigation, Kinglite would be the "prevailing party" for this case.

Defendants respond that they are prevailing parties of a case for purposes of § 285 because they obtained a Rule 54 judgment as to every cause of action asserted against them in Phase I of this litigation. Defendants assert that persuasive authority suggests that the grant of a Rule 54 judgment triggers a requirement to make a timely motion for attorney's fees under Rule 54(d), and thus the motion for an exceptional case determination is not premature. (See Reply Supp. Mot. Exceptional Case Determination p. 4 (citing John Deere Ins. Co. v. Shamrock Indus., Inc., 929 F.2d 413, 418 (8th Cir. 1991); Johnson v. Orr, 897 F.2d 128, 131 (3d Cir. 1990); Synopsys, Inc. v. Mentor Graphics Corp., No. 12-cv-6467, 2015 WL 4365494, at *2 (N.D. Cal. July 16, 2015); Apsley v. Boeing Co., No. 05-cv-1368, 2013 WL 4517328, at *2 (D. Kan. Aug. 26, 2013)).) In essence, Defendants contend that, because this is a multi-phase case, each phase is a case-within-a-case, and each phase of the litigation can support an independent determination under 35 U.S.C. § 285.

For the following reasons, the Court concludes that Defendants' position is more faithful to proper interpretation of Rule 54 and 35 U.S.C. § 285, and reflects the superior policy position with regard to shifting attorney's fees in a complex, protracted patent case. Consequently it is not premature for the Court to make an exceptional case determination at the conclusion of a well-defined "phase" of patent litigation that ends in a Rule 54(b) judgment.

To decide whether the instant motion is premature, the Court begins with the text of Federal Rule of Civil Procedure 54. Rule 54(b) reflects the default position that when a Court "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" such adjudication "does not end the action as to any of the claims or parties." Fed. R. Civ. P. 54(b). This default position may be altered, and a court may direct entry of a final judgment of fewer than all claims or parties, "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Rule 54 also contains specific language relating to the procedure for moving for attorney's fees. Particularly salient for the present motion are the *requirements* of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)**<br>Consolidated with CV 14-04989 JVS(PJWx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd.<br>Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

motion for attorney's fees. A motion for attorney's fees must "be filed no later than 14 days after the entry of judgment" and must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(b)(i–ii).

In Shum v. Intel Corp., the Federal Circuit found significant the fact that Rule 54(d)(1) contemplates only a single "prevailing party" for an award of costs. 629 F.3d 1360, 1367 (Fed. Cir. 2010). The Shum court found that, in Rule 54, the use of the article "the" before the term "prevailing party" meant that, even in mixed judgment cases, there could only be one prevailing party. Id. A similar analysis informs this Court that there might be a prevailing party for a Rule 54 judgment concluding a phase of litigation. Each motion for attorney's fees must specify "**the** judgment . . . entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(b)(ii). The text of Rule 54 does not contemplate requiring, in a complex patent case, the movant for attorney's fees to specify multiple Rule 54 judgments leading to the determination that the movant prevailed on all phases. Rather, the movant need only point to a single judgment entitling a movant to an award.

Here, Defendants can specify "the" judgment entitling it to prevailing party status and the possibility of an award of attorney fees under § 285. Phase I was a complete victory for the Defendants, and it concluded with a judgment pursuant to Rule 54. The order granting consent judgment specified that the Court entered judgment of non-infringement as to four patents. (Order granting Joint Motion for Entry of Consent J. ¶ 1.) The Joint Motion for Entry of Consent Judgment—a motion incorporated by reference into the entry of consent judgment—also acknowledged that the asserted claim of a fifth patent was held invalid by this Court in October 2015. (Joint Motion Entry Consent J. ¶ 10.) The Joint Motion further identified that the infringement claims pertaining to a sixth patent were previously dismissed with prejudice in December 2015. (Id. ¶ 12.) In this case, the parties jointly moved for entry of a final judgment and agreed that there was no just reason for delay. (See id. ¶ 19.) Consequently, the Court directed entry of final judgment and expressly found there was no just reason for delay. (Order granting Joint Motion for Entry of Consent J. ¶ 3.)

The parties do not cite, and this Court's own research has not found, a case from the Federal Circuit expressly holding that a party can—or cannot—be considered a prevailing party under 35 U.S.C. § 285 as to a final judgment in complex, multi-phase

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 14-03009 JVS(PJWx)**<br>Consolidated with CV 14-04989 JVS(PJWx) | Date | June 23, 2016 |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd.<br>Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

litigation when that final judgment does not dispose of the entirety of the case. However, for several reasons, the Court concludes it is appropriate to now determine prevailing party status over the final judgment in Phase I.

First, this is not a difficult "mixed judgment" case. In Shum, the Federal Circuit expressly held, in the context of awarding costs under Rule 54(d)(1), that Rule 54 "limits the number of prevailing parties in a given case to one because the operative term, 'prevailing party,' is singular." 629 F.3d at 1367. Here, the single prevailing party in Phase I is easy to determine. Defendants prevailed as to every asserted patent claim. Any future success that Kinglite might have during the latter phases of this litigation would, at most, make Kinglite the prevailing party as to *those* hypothetical future judgments.

Second, Federal Circuit precedent has clearly held that a party need not prevail on all claims to be considered the prevailing party. SSL Servs., LLC v. Citrix Sys., Inc., 769 F.3d 1073, 1086 (Fed. Cir. 2014); Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V., 464 F.3d 1339, 1347 (Fed. Cir. 2006). Here, the parties were directed to identify the most important patents and claims to be litigated in Phase I. Kinglite failed to prove infringement on those claims.

Third, the multiple ways in which Defendants prevailed on the claims of Phase I have all been held sufficient to sustain a finding that the party is a prevailing party. See Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1183 (Fed. Cir. 1996) ("as a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'"). See also Highway Equip. Co., Inc. v. FECO, Ltd., 469 F.3d 1027, 1035 (Fed. Cir. 2006) (as a matter of patent law, dismissal of claims with prejudice, granted by the Court, based on covenant to no longer pursue claims of infringement, "has the necessary judicial imprimatur" to confer prevailing party status under 35 U.S.C. § 285.); Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1320 (Fed. Cir. 2004) (entry of judgment in defendant's favor on issue of infringement is "relief on the merits which alters the relationship of the parties" sufficient to confer prevailing party status).

Fourth, the limited authority on this topic is in accord with making a prevailing party determination on the present motion and not holding the motion in abeyance. In Synopsys, Inv. v. Mentor Graphics Corp., 12-cv-6467, 2015 WL 4365494 (N.D. Cal. July

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 14-03009 JVS(PJWx)** <br> Consolidated with CV 14-04989 JVS(PJWx) | Date | June 23, 2016 |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. <br> Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

16, 2015), the court determined that it was not premature to weigh the merits of a 35 U.S.C. § 285 exceptional case even when one patent remained to be adjudicated. Id. at *2 (citing Johnson v. Orr, 897 F.2d 128, 131 (3d Cir. 1990); John Deere Ins. Co. v. Shamrock Indus., Inc., 929 F.2d 413, 418 (8th Cir. 1991)).

Fifth, judicial economy is best served by an early resolution of a motion under 35 U.S.C. § 285, such that any appeal of a determination under § 285 can be heard with any appeal on the merits of the adjudications leading to the exceptional case determination.

Finally, in complex patent litigation, determinations of prevailing party status during each "phase" of litigation may be the only practical way to achieve the purposes inherent to making an exceptional case determination under 35 U.S.C. § 285. In Octane Fitness, LLC, the Supreme Court simplified the inquiry district courts must make into whether a case is "exceptional" under 35 U.S.C. § 285. The Court concluded that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." Id. at 1756. The Supreme Court further held that district courts determine whether a case is "exceptional" considering the totality of circumstances. Id. One of a non-exhaustive list of factors that make up the totality of circumstances is "the need in particular circumstances to advance considerations of compensation and deterrence." Id. n.6 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

It is not uncommon these days for some parties to litigate a case in a manner unrelated to the substantive strength of their legal arguments and in a manner designed to frustrate the adversary sufficiently to simply increase the nuisance value of a lawsuit. Making an exceptional case determination at the conclusion of each phase of the litigation is a potential tool for curbing such conduct. Importantly, making a § 285 determination at the conclusion of a phase of litigation will, ideally, have the salutary effect of curbing exceptional conduct in future phases. In the absence of a rule permitting exceptional case determinations at the conclusion of a "phase" of a case, a litigant with many patents and an exceptionally weak substantive litigating position could continually delay the conclusion of a case, thus frustrating the ability of the Court to enter a 35 U.S.C. § 285 determination and impose meaningful sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. | | |
| | Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

For the foregoing reasons, the Court concludes it is appropriate for the Court to make an exceptional case determination as to a single phase of complex patent litigation and therefore concludes it is not premature to make an exceptional case determination in this case. The Court further holds that Defendants are "prevailing parties" for purposes of 35 U.S.C. § 285.

    B.    Exceptional Case Determination

"[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC, 134 S. Ct. at 1756 (2014). This Court, exercising its discretion, and considering the totality of the circumstances of the case, finds that this case is "exceptional" within the meaning of § 285 for the following reasons.

    1.    Litigating the 562 Patent

In this case, Kinglite asserted infringement of claim 1 of U.S. Patent No. 6,222,562 ("562 Patent"). Claim 1 of the 562 Patent requires "a processor," "a video system having video memory," and "fast memory." (562 Patent at 7:47–49, 7:57.) Verification that any accused product have these three elements would be a crucial step of any adequate pre-suit investigation prior to filing claims for direct infringement of claim 1 of the 562 Patent. See Lumen View Tech., LLC v. Findthebest.com, Inc., 24 F. Supp. 3d 329, 336 (S.D.N.Y. 2014) (making an exceptional case finding when plaintiff's "most basic pre-suit investigation" would have shown obvious noninfringement). It is clear that Kinglite did not verify the presence of these elements, even though a very basic pre-suit investigation would have discovered the deficiency in alleging direct infringement of claim 1 of the 562 Patent.

In fact, and as acknowledged in the parties' Joint Motion for Consent Judgment, the products identified in Kinglite's infringement contentions and purportedly inspected

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

by Kinglite[2] "do not have a memory, including a video memory, or a processor." (Consent Judgment Joint Motion ¶ 14.) Each accused motherboard lacks a processor, video memory, and fast memory. (See Hill Decl. Ex. C pp. 16–17, 3009 Dkt. No. 198-6 (Lin Decl. ¶ 4 (stating accused MSI motherboards ship without an Intel microprocessor, RAM memory, a videocard, or a video monitor)); Hill Decl. Ex. D pp. 329–30, 3009 Dkt. No. 198-9 (Chung Decl. ¶ 3 (stating accused GBT motherboards ship without an Intel microprocessor, RAM memory, a videocard, or a video monitor)). See also Hill Decl. Ex. E pp. 856–64, 3009 Dkt. No. 198-17 (Kempka Rebuttal Report pp. 9–17 (no processor or RAM is provided with the motherboards)).)

Kinglite's own expert witnesses did not inspect the motherboards, or they willfully ignored the requirement that the motherboards have these elements in order to infringe claim 1 of the 562 Patent.

> "Q: . . . do you hold any opinion one way or the other as to whether or not [MSI motherboards] come pre equipped with loaded memory modules on the motherboard?
> A: It is my understanding that they don't.
> Q: . . . Do they come pre equipped with processors . . . ? A: To the best of my understanding they do not."

(Hill Decl. Ex. J p. 933, 3009 Dkt. No. 198-27 (Berg Deposition p. 98).)

> "Q: . . . these particular video cards are . . . sold separately from Gigabyte motherboards?
> A: Yes . . .
> Q: . . . you're unaware of any Gigabyte motherboard the comes pre equipped with [Radeon line] of graphics cards, correct?
> A: That's correct."

---

[2] Kinglite acknowledges inspecting only five models of motherboards in connection with Kinglite's formulation of its infringement contentions: GA-Z87X-OC (GBT); GA-Z77-DS3H (GBT); Z87-G43 (MSI); Z77A-G41 (MSI); H61M-E33/W8 (MSI). (Hill Decl. Ex. B pp.12–13, 3009 Dkt. No. 198-5 (Pl.'s Amended Responses to Interrogatories Propounded by AMI))

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

(Id. pp. 922–23 (Berg Deposition pp. 38, 40).) The Court agrees with Defendants that Kinglite could have easily confirmed the presence or absence of these components before filing suit alleging direct infringement of the 562 Patent. Failing to verify the presence of these elements is "exceptional" because it is both (1) harmful to the substantive strength of Kinglite's litigating position, and (2) reflective of litigating in an unreasonable manner.

Kinglite responds that "computer products" were accused in the complaints against MSI and GBT, and that certain "computer products" incorporate a processor, a fast memory, and a video system having video memory. (See P.'s Opp'n p. 6.) Kinglite's argument is unavailing in an analysis under § 285 because those computer products were not, in fact, the accused products in the infringement contentions, or actually investigated prior to filing suit. Post-hoc investigation of products not included in Kinglite's infringement contentions does not change the fact that Kinglite conducted an inadequate investigation of the products actually accused in this lawsuit. Moreover, as Defendants have identified, even the computer products identified by Kinglite in this post-hoc fashion may not practice claim 1 of the 562 Patent because they do not have "fast memory" that is faster than the video memory, as required under this Court's construction of terms of the 562 Patent. (See Order re Claim Construction pp. 18–20.) In sum, although Kinglite *may* have had a reasonable basis to name "computer products" in its complaint, its subsequent litigation conduct was unreasonable and, therefore, exceptional.

Kinglite also argues its litigation conduct was reasonable and it had an objectively reasonable basis for the litigation because it filed a motion to amend its complaint to add indirect infringement claims. (See P.'s Opp'n p. 7.) That motion was denied as untimely under the Court's scheduling order and without an adequate showing of "good cause" to amend the scheduling order. (See 3009 Dkt. No. 85-1.) If Kinglite had subsequently and promptly dismissed its unsupportable direct infringement claims, then this Court would be more amenable to the argument that Kinglite had a viable theory of liability while it litigated the case. However, instead, Kinglite pressed on with its inadequate direct infringement theories for many more months, inducing further costs and effort on the part of the Defendants in defending a suit that Kinglite tacitly acknowledged had irremediable deficiencies. Upon this Court's denial of the motion to amend its complaint, the substantive strength of Kinglite's litigating position dropped precipitously and continuing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

to litigate the 562 Patent under a direct infringement theory was exceptional. Cf. Taurus UP, LLC v. DaimlerChrysler Corp., 726 F.3d 1306 (Fed. Cir. 2013) (finding under the now-rejected, more difficult, standard of Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378 (Fed. Cir. 2005), "a case can be found exceptional when a party prolongs litigation in bad faith.").

      2.     Litigating the 783 Patent

In this case, Kinglite asserted direct infringement of claim 11 of U.S. Patent No. 8,095,783 (783 Patent). Claim 11 of the 783 Patent requires a processor and system memory. (783 Patent at 8:52–53.) Verification that any accused product has these elements would be a crucial step of any adequate pre-suit investigation prior to filing claims for direct infringement of claim 11 of the 783 Patent. It is clear that Kinglite did not verify the presence of these elements. As discussed in Section III.B.1, *supra*, the accused products lack a processor and system memory. The Court agrees with Defendants that Kinglite could have easily confirmed the presence or absence of these components before filing suit alleging direct infringement of the 783 Patent. Failing to confirm the presence of these components was unreasonable litigation conduct and reflects the weakness of Kinglite's litigating position. Consequently, the failure to confirm the presence of these components makes this an "exceptional" case.

There was additional litigation misconduct associated with the 783 Patent. In October 2015 the Court specifically denied Kinglite leave to amend its infringement contentions in order to include reference to the product's use of a compatibility support module known as the legacy boot mode option. (October Order p. 8.) Nevertheless, when the parties propounded initial expert reports, the report of Kinglite's expert included contentions directed to the compatibility support module. (See Order re Motions to Strike.) The Court struck the report. (Id.) The fact that the Court was forced to strike an offending expert report shows some exceptional litigation behavior in propounding the offending report in the first place. Propounding such a report caused Defendants to incur the litigation costs involved in reviewing and moving to strike the inappropriate portions of the report.

      3.     Litigating the 604 Patent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 14-03009 JVS(PJWx)**<br>Consolidated with CV 14-04989 JVS(PJWx) | Date | June 23, 2016 |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd.<br>Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

In this case, Kinglite asserted direct infringement of claim 11 of U.S. Patent No. 5,987,604 ("604 Patent"). Claim 11 of the 604 Patent requires a processor. (604 Patent at 9:40–52.) Verification that any accused product has this element would be a crucial step of any adequate pre-suit investigation prior to filing claims for direct infringement of claim 11 of the 604 Patent. It is clear that Kinglite did not verify the presence of this element. As discussed in Section III.B.1, *supra*, the accused products lack a processor. The Court agrees with Defendants that Kinglite could have easily confirmed the presence or absence of this component before filing suit alleging direct infringement of the 604 Patent. Failing to confirm the presence of this component was unreasonable litigation conduct and reflects the weakness of Kinglite's litigating position. Consequently, the failure to confirm the presence of this component makes this an "exceptional" case.

Additionally, Defendants argue that there is a second, obvious reason why their products do not infringe the 604 Patent and thus Kinglite's litigating position was substantively weak. To practice the 604 patent, the processor must be acting in "system management mode." (See 604 Patent at 9:44.) While in that system management mode, the claimed method calls for "configuring the processor to operate in a virtual mode." (Id. at 9:47.) Defendants claim that a review of the source code indicates that the virtual mode bit is never switched on when in system management mode. (See Hill Decl. Ex. R p. 1005, 3009 Dkt. No. 198-35 (Levitt Rebuttal Report ¶¶ 122–23.) Importantly, Kinglite's expert admitted that configuring to set up virtual mode is done outside of system management mode. (See Hill Decl. Ex. I p. 903–06, 3009 Dkt. No. 198-26 (Levy Deposition pp. 151, 155–57).) The parties acknowledged this problem with asserting infringement of the 604 Patent in their Joint Motion for Consent Judgment. (Consent Judgment Joint Motion ¶ 14.) However, to Kinglite's partial credit, it was shortly after this deposition that Kinglite began working with Defendants on the joint motion to terminate Phase I of the case.

However, Kinglite only receives partial credit for its prompt dismissal following the deposition. Defendants submit evidence that it identified the inability for Kinglite to show how virtual mode was configured while in system management mode 12 months before the deposition, and they communicated with Kinglite about the deficiency then. (See Hill Decl. Ex. U pp. 1020–1021, 3009 Dkt. No. 198-38 (December 17, 2014

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)**<br>Consolidated with CV 14-04989 JVS(PJWx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd.<br>Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

Letter).) Kinglite had a chance to thoroughly evaluate its claim at that point, and instead it chose to press on with litigation despite the weakness of its litigating position. Continuing to claim that Defendants' products practice the 604 Patent, without being able to identify how the products configure a virtual mode while in system management mode, indicates the weakness of Kinglite's litigation position and makes the case "exceptional."

    4.    Litigating the 572 Patent

In this case, Kinglite asserted direct infringement of claim 12 of U.S. Patent No. 6,791,572 ("572 Patent"). One important term in claim 12 is "boot period," and the Court construed the term to mean "the time after pre-boot while the basic input output system ('BIOS') software is actively loading the bootstrap loader code for OS boot[.]" (Order re Claim Construction pp. 11–12.) Pre-boot and boot period were consequently defined as two different time periods.

In spite of the Court's construction of the term "boot period" as distinct from the pre-boot period, Kinglite propounded an expert report that inconsistently referred to "Boot Device Selection Phase" as either "boot period" or "pre-boot." (Compare Hill Decl. Ex. V p. 1031, 3009 Dkt. No. 198-39 (Berg Claim Chart) (showing the "primary steps that take place during the BDS phase, which is the boot period") with id. pp. 1035–36 ("The browser application is a UEFI application which is running and active during the pre-boot Boot Device Selection (BDS) phase").) Kinglite provides no rationale for why its expert was inconsistent on this issue. The inconsistency in the report reflects poorly on the manner in which Kinglite litigated its case.

Additionally, with regard to litigating the 572 Patent, Kinglite sued AMI for direct infringement of the 572 Patent but never provided infringement contentions to AMI. Such omission draws the Court's skepticism that Kinglite actually had a theory of infringement against AMI for the 572 Patent when it filed its lawsuit against AMI. The acts and omissions of initiating suit, then failing to actually pursue the lawsuit, can be exceptional conduct because the decision to not pursue the lawsuit reflects on the overall and objective weakness of a party's litigating position. In response, Kinglite suggests it sued AMI on the basis of a product called "Aptio V ESA." (Opp'n p. 14.) However, Kinglite fails to identify what investigation it did into Aptio V ESA, whether Aptio V

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. | | |
| | Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

ESA practices all elements of the asserted claim(s) of the 572 Patent, and why Kinglite did not provide infringement contentions for Aptio V ESA. Overall, the initiation of the lawsuit against AMI for direct infringement of the 572 Patent is part of the totality of the circumstances that leads the Court to conclude that this case warrants an exceptional case determination.

      5.      Litigating the 123 Patent

In this case, Kinglite asserted direct infringement of claim 10 of U.S. Patent No. 6,523,123 ("123 Patent"). Kinglite asserted that MSI's Eco Engine and GBT's Dynamic Energy Saver products infringed the 123 Patent. (See Hill Decl. Ex. M pp. 967–68, 3009 Dkt. No. 198-30 (P.'s Preliminary Infringement Contentions).) These infringement contentions were particularly weak, identifying that the two products could "[d]etermine the CPU workload of the PC system" as the reason that the products practiced the entire step of "determin[ing] an operational mode of the circuit that indicates an application type of an application program that is using said circuit . . . ." (123 Patent at 8:40–44.)

With regard to the lawsuit against MSI, Kinglite's expert report entirely failed to analyze how MSI's Eco Engine product infringed the 123 Patent. (See Hill Decl. Ex. P pp. 980–86, 3009 Dkt. No. 198-33 (Levy Report pp. 9–15).) The Court is skeptical that Kinglite adequately investigated its claim against MSI prior to filing suit, given that it withdrew its case when its expert report on MSI's purported infringement of the 123 Patent was due. In response, Kinglite cites to certain materials online that it contends "asserted certain capabilities of MSI's products that infringed the [123 Patent]." (See Opp'n p. 15.) The Court disagrees with Kinglite that the three cited materials gave it an adequate basis for filing a complex patent lawsuit against MSI. None of the cited web materials says anything about being capable of indicating the application type of an application program, a required step of claim 10 of the 123 Patent. Kinglite's citations to marketing materials and manuals, without any explanation to go along with the citations, are insufficient to show that Kinglite's infringement claims against MSI were well-founded.

With regard to the case against GBT, Kinglite actually propounded an expert report regarding its claims for infringement of the 123 Patent. Nevertheless, as testing would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |
| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. | | |

have revealed, and as Defendant's experts responded in their rebuttal expert report, GBT's Dynamic Energy Saver product merely sets computer voltages. (Hill Decl. Ex. R pp. 1002–04 (Levitt Rebuttal Report ¶¶ 64–65).) The Dynamic Energy Saver does not modify processor speed as required to practice claim 10 of the 123 Patent. Kinglite again cites to marketing materials to try to establish an adequate basis for its infringement contentions and expert report. (See Opp'n p. 15.) However, these marketing materials do not refer to speed, instead they refer to energy saving and "efficient switching of power phases."

The Court agrees with Defendants that Kinglite's claims of infringement of the 123 Patent were exceptionally weak, and they were not adequately supported by the infringement contentions or the expert report.

      6.      Litigating the 304 Patent

In this case, Kinglite asserted direct infringement of claim 11 of U.S. Patent No. 6,892,304 ("304 Patent").

The Court does not find that litigation of the 304 Patent constitutes litigation misbehavior or contributes to the overall finding of the exceptional case determination. Defendants' sole argument for why litigating the 304 Patent was inappropriate is this Court's finding in October that claims of the 304 Patent were invalid under the analysis of Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 123 S. Ct. 2347, 2354 (2014). (See Mot. pp. 22–23.) Defendants claim that the patent was "destined to fail."

The Court finds that this area of law is in too much flux and too difficult to apply to conceive of claims or patents as ultimately "destined" for anything. In just the past few weeks the Federal Circuit issued a landmark opinion in Enfish, LLC v. Microsoft Corp., --- F.3d ----, 2016 WL 2756255 (Fed. Cir. May 16, 2016), giving district courts additional guidance to consider when making determinations of patent validity. Litigating the validity of patents like the 304 Patent is not per se unreasonable, and Defendants identify no aspect of Kinglite's 35 U.S.C. § 101 argument that was litigation misbehavior. The Court agrees with Kinglite that it "should not be punished for advancing legitimate arguments on a complex and evolving issue of law." (See Opp'n p. 16.) Defendants did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03009 JVS(PJWx)** | Date | June 23, 2016 |
|---|---|---|---|
| | Consolidated with CV 14-04989 JVS(PJWx) | | |

| Title | Kinglite Holdings Inc. V. Micro-Star International Co. Ltd. |
|---|---|
| | Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al. |

not say anything about the litigation over the 304 Patent in their reply brief. (See generally Reply.)

       7.      Conclusion - Exceptional Case Determination

For all of the foregoing reasons the Court finds that, under a totality of the circumstances, this case is exceptional within the meaning of 35 U.S.C. § 285. The Court makes this determination particularly for the inadequate investigation into whether the accused products in this case had the necessary components of a processor, a fast memory, or a video system with video memory, because the pursuit of these direct infringement claims was objectively unreasonable and indicates the lack of an adequate prefiling investigation into the merits of the claims. With respect to the direct infringement claims of the 562 Patent, 783 Patent, and 604 Patent, "the Court is at a loss to explain why [Kinglite] chose to initiate and then continue litigating [its] direct patent infringement claims" against Defendants' products that could not directly infringe the claims of these three patents because they lacked at least one necessary component. Bovino v. Levenger Company, 2016 WL 1597501, at *4 (D. Colo. Apr. 21, 2016). The Court also considers the totality of the remaining circumstances of this litigation and, in its discretion, finds that this is a case "that stands out from others with respect to the substantive strength of [Kinglite's] litigating position (considering both the governing law and the facts of the case)" and that the evidence shows "the unreasonable manner in which the case was litigated." Octane Fitness, LLC, 134 S. Ct. at 1756.

IV.    Conclusion

The Court concludes that Defendants are prevailing parties for the purposes of 35 U.S.C. § 285. The Court concludes it is not premature to decide a motion for an exceptional case determination. Finally, the Court concludes that this is an exceptional case within the meaning of 35 U.S.C. § 285.

Defendants may, after complying with their Local Rule 7-3 obligations, file a noticed motion for reasonable attorney's fees and expenses, accompanied by all appropriate documentation substantiating the reasonableness of the requested fees and expenses. Defendants shall file their motion within 30 days of the date of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **CV 14-03009 JVS(PJWx)**   Date   June 23, 2016
Consolidated with CV 14-04989 JVS(PJWx)

Title   Kinglite Holdings Inc. V. Micro-Star International Co. Ltd.
Consolidated with Kinglite Holdings Inc -v- Giga-Byte Technology Co. Ltd et al.

IT IS SO ORDERED.

: 00

Initials of Preparer   kjt